I doubt whether we have power to say the oath sworn by the witness is tantamount to that imputed him in the indictment. We cannot imply that one thing is tantamount or equivalent to another, in indictments. Were the judges allowed this power of implication they might, whenever they thought proper, construe the offense proven to be tantamount or equivalent to that laid in the (404) indictment, when according to strict propriety and common acceptance it was essentially different, and a defendant who had prepared himself to falsify the charge as laid might find himself surprised with evidence constructively tantamount, though not properly and strictly applicable to that charge. I do not recollect any cases upon this head at present; none have been cited; but this case seems to fall under the operation of a general principle of vast magnitude in a free country where the law is to govern — a sacred principle never to be evaded, nor ever to be thought of but with reverence. It is the best security the citizen has against judicial tyranny. I hope, therefore, the verdict may be so taken as to bring this point before the Court. In all other respects I agree that the defendant ought to be found guilty.
He was found guilty but the verdict was made subject to this point, etadjournatur. Decided post, 463.
Cited: S. v. Groves, 44 N.C. 405.