Battle, J.
 

 In an indictment for perjury, alleged to have been committed in giving parol testimony, it is certainly sufficient to state the substance and effect of what the defendant swore.
 
 2
 
 Russ, on Crimes, 538. And it follows, as a necessary consequence, that the proof will be sufficient^ if it establish the substance and effect of the charge. Ibid 546. Roscoe Crim. Ev. 814. This the defendant, by his objection, impliedly admits; but he contends that the testimony given as to what he swore to on the trial in which the perjury is assigned to have been committed, varies substantially from that which is set forth in the bill of indictment. The objection is, in our opinion, fully sustained by the facts stated in the bill of exceptions, and the Judge ought so to have instructed the jury upon the trial. The charge is, that the defendant swore in positive and direct terms that Martin Groves . had purchased a rifle gun from Eli Mckee. The testimony of ■'Roane and some other witnesses is, that he swore that when Martin Groves offered to allow Mckee $15 for his little gun (the rifle) to be credited on account, which the latter owed him, McKee simply replied, “ enough said.” The question is, was this equivalent to an express statement that McKee had sold him the rifle-
 
 *405
 
 gun? It may be that such was his meaning, and that a jury would be justified in drawing such an inference ; but it is clearly susceptible of another interpretation, to wit, that McKee refused Groves’ offer to purchase his rifle, and would have nothing further to say about it. And this latter interpretation is rendered the more probable by the testimony of Wines, who states that the defendant said, in addition to what is deposed to by the other witnesses, that McKee, after saying
 
 “
 
 enough said,” requested Groves to bring home his little gun — which is certainly not very consistent with the idea of a sale. Surely such testimony as this cannot be considered as establishing, in substance and effect, the allegation contained in the bill of indictment, of what the defendant swore. See
 
 State
 
 v. Bradley, 1 Hay. Rep. 403 and 463, and also
 
 Rex
 
 v. Leefe, 2 Camp. Rep. 134, and the authorities referred to in the note to the latter case. The defendant is entitled to a
 
 venire de novo.
 

 Per CuRiam. Judgment reversed, and a
 
 venire de novo
 
 awarded.