## STATE v. VERNON KEZIAH.

(Filed 31 October 1962.)

**1. Criminal Law § 102—**

A fatal variance between the indictment and proof is properly raised by motion for judgment as of nonsuit.

**2. Perjury § 5—**
Where the indictment charges defendant with having falsely sworn that he did not buy whiskey from named persons, but the State's evidence is to the effect that defendant testified at that trial that he did not buy whiskey in a specified house, there is a fatal variance between the indictment and proof and nonsuit should be allowed, notwithstanding evidence of defendant's false swearing in other particulars not set forth in the indictment.

APPEAL by defendant from *Froneberger, J.*, July 9, 1962, Regular Schedule "A" Criminal Term of MECKLENBURG.

Criminal prosecution on indictment charging that defendant, on June 8, 1962, "did feloniously, wilfully and unlawfully commit perjury upon the trial of an action in the City of Charlotte, Mecklenburg County, North Carolina, Recorder's Court wherein Johnny Johnson and Charles Erwin were defendants and the State of North Carolina was plaintiff by falsely asserting on oath or solemn affirmation that he did not purchase liquor from said Johnny Johnson and Charles Erwin, the said matter so testified to as aforesaid being material to said issue being tried in said action, knowing said statement or statements to be false or being ignorant whether or not said statements were true," against the form of the statute, etc.

Evidence offered by the State (the only evidence) tends to show: On June 8, 1962, in the Recorder's Court of Charlotte, two cases, one against Johnny Johnson and the other against Charles Erwin, were called and consolidated for trial. The warrants on which Johnson and Erwin were tried are not in evidence. There is testimony that each was charged with "violating the liquor law" and other testimony that each was being tried for "sale of illegal whiskey." Keziah, the present defendant, was called as a State's witness and was duly sworn. Verdicts of not guilty were entered as to Johnson and Erwin.

The evidence tends to show that Keziah testified at said trial in said Recorder's Court substantially as follows: That on the date (night) referred to in the warrants he went to a house at 237 North Cedar Street, Charlotte, to see friends and there talked with Johnson and Erwin; that before going to said house he had had no conversation with Lieutenant Shuler of the Charlotte Police Department; that Shuler did not give him a marked (exhibited) $5.00 bill with which to go to a house on Cedar Street and purchase a pint of whiskey from Johnson and Erwin; that he did not go into a house on Cedar Street and purchase a pint of whiskey; that "he had not taken any money from Lieutenant Shuler and . . . did not go and buy any whiskey in that house"; and (referring to a pint bottle of whiskey about three-fourths full exhibited to him) that "he had not bought that liquor in

that house" and "had not turned that over to Lieutenant Shuler."

There was no evidence, direct or circumstantial, that Keziah purchased "liquor" from Erwin. There was no direct evidence that Keziah purchased "liquor" from Johnson. There was circumstantial evidence sufficient to support a finding that Keziah, with a $5.00 bill given to him by Shuler, had purchased from Johnson the (exhibited) bottle of whiskey.

Upon the jury's verdict, "guilty as charged," the court pronounced judgment imposing a prison sentence. Defendant appealed and assigns as error the denial of his motion for judgment as of nonsuit.

*Attorney General Bruton and Assistant Attorney General Mc-Galliard for the State.*
*Ledford & Ledford for defendant appellant.*

BOBBITT, J. Defendant contends *inter alia* that, with reference to what Keziah testified in the Recorder's Court, there is a fatal variance between the indictment and the proof. This question is properly presented by defendant's motion for judgment as of nonsuit. *S. v. Hicks,* 233 N.C. 31, 62 S.E. 2d 497, and cases cited; *S. v. Law,* 227 N.C. 103, 40 S.E. 2d 699, and cases cited.

". . . a defendant must be convicted, if convicted at all, of the particular offense charged in the bill of indictment." *S. v. Jackson,* 218 N.C. 373, 11 S.E. 2d 149, and cases cited. "The evidence must correspond with the charge and sustain it, at least in substance, before there can be a conviction." *S. v. Forte,* 222 N.C. 537, 23 S.E. 2d 842.

"In a prosecution for perjury or false swearing, the matter sworn to must be proved substantially as alleged, and a material variance in this respect is fatal." 70 C.J.S., Perjury § 50(g); 41 Am. Jur., Perjury § 55; *S. v. Bradley,* 2 N.C. 403, and s.c., 2 N.C. 463; *S. v. Groves,* 44 N.C. 402; *S. v. Davis,* 69 N.C. 383.

The State was required to establish *inter alia* that Keziah testified in the Recorder's Court of Charlotte as charged in the bill of indictment. *S. v. Lucas,* 247 N.C. 208, 212, 100 S.E. 2d 366. The indictment charges that defendant testified "he did not purchase liquor from said Johnny Johnson and Charles Erwin." Defendant contends the State offered no evidence that Keziah so testified and that in this respect the proof does not fit and support the allegation. *S. v. Gibson,* 169 N.C. 318, 85 S.E. 7. We are of opinion, and so decide, defendant's said contention is sound and that his motion for judgment as of nonsuit should have been allowed for fatal variance between the indictment and the proof.

There is ample evidence that Keziah's testimony in certain respects

was false, particularly his testimony that he did not receive from Shuler the marked $5.00 bill and his testimony that he did not deliver the pint bottle of whiskey to Shuler. But we find no evidence that Keziah testified he did not purchase liquor from Johnson and Erwin or from either of them. Keziah's testimony that he did not buy any whiskey "in that house" does not fit and support the crucial allegation in the perjury indictment, namely, that he falsely asserted on oath "that he did not purchase liquor from said Johnny Johnson and Charles Erwin." The applicable rule is well stated in the *per curiam* opinion in *S. v. Bradley*, 2 N.C. 463, decided in 1797, as follows:". . . where the sense and meaning of the words set down in the indictment is precisely the same with those proven in the evidence, though not the very same words, such evidence will support the indictment; but then the meaning must be evidently and clearly the same, without the help of any implication or anything extrinsic." Here, as in *S. v. Bradley*, *supra*, "(t)he words contained in the evidence are not necessarily of the same sense and meaning with those laid."

We need not consider other contentions advanced by defendant as additional grounds for judgment as of nonsuit.

Reversed.