STATE OF NORTH CAROLINA v. J. M. PARKER.

(Filed 29 November, 1967.)

**Assault and Battery §§ 5, 15—**

In a prosecution for assault with a deadly weapon with intent to kill, an instruction that the jury might find an intent to kill if the defendant intended either to kill or inflict great bodily harm, *held* prejudicial error, since a finding by the jury that the defendant intended only to inflict bodily harm would be insufficient to sustain a conviction under the felony indictment.

APPEAL by defendant from *Crissman, J.,* 20 July 1967 Criminal Session of GUILFORD (High Point Division).

Defendant was convicted of felonious assault upon a bill of indictment which charged that he unlawfully and feloniously, with intent to kill, shot one Donald Riggs in the left chest with a deadly weapon, a 22-caliber revolver, thereby inflicting upon him serious injury not resulting in death. From a prison sentence of not less than 18 nor more than 30 months, defendant appealed.

*Thomas Wade Bruton, Attorney General; William W. Melvin, Assistant Attorney General; T. Buie Costen, Staff Attorney, for the State.*

*Morgan, Byerly, Post & Keziah by David M. Watkins for defendant appellant.*

PER CURIAM. Both the State and defendant offered evidence. The State's evidence, which the jury accepted, was sufficient to

establish defendant's guilt as charged in the indictment; defendant's evidence tended to show that defendant shot Riggs in defense of himself, his wife, and his habitation. Defendant does not contend that he was entitled to a nonsuit. As warranting a new trial, however, he assigns as error the following portion of the trial judge's charge to the jury:

". . . [A]nd, so, intent to kill is the intent which exists in the mind of a person at the time he commits the assault, or the criminal act, intentionally and without justification or excuse to kill his victim, or to inflict great bodily harm. . . ."

In *State v. Ferguson*, 261 N.C. 558, 135 S.E. 2d 626, an instruction identical with the above was held to be prejudicial error, "for it would allow the jury to find an intent to kill if the defendant intended either to kill or to inflict great bodily harm. But if the jury found only an intent to inflict great bodily harm, this would be insufficient to sustain the felony charge since the intent to kill is an essential element of such charge." *Id.* at 561, 135 S.E. 2d at 628.

For the error indicated, there must be a

New trial.