STATE v. JAMES ELLIS COOPER, PETITIONER

No. 26

(Filed 14 May 1969)

**1. Criminal Law § 105— motion to nonsuit — motion to dismiss**
    As used in G.S. 15-173, there is no difference in legal significance be-
    tween a motion "to dismiss the action" and a motion "for judgment as
    in case of nonsuit".

**2. Criminal Law § 105— motion to dismiss — question presented**
    The question presented by defendant's motion to dismiss the action is
    whether the evidence was sufficient to warrant its submission to the jury
    and to support a verdict of guilty of the criminal offense charged in the
    indictment.

**3. Escape § 1— admissibility of commitment order**

Document under which defendant was committed as a prisoner, which document was a duplicate original of the official commitment and which carried the official seal of the superior court and the original signature of an assistant clerk of the superior court, complies fully with G.S. 148-59 and is admissible in evidence to show the lawfulness of defendant's confinement. G.S. 2-10.

**4. Indictment and Warrant § 17; Criminal Law § 107— variance between pleading and proof**

A defendant must be convicted, if convicted at all, of the particular offense charged in the bill of indictment.

**5. Criminal Law § 107— nonsuit for variance**

Whether there is a fatal variance between the indictment and the proof is properly presented by defendant's motion to dismiss.

**6. Escape § 1— prosecution — variance between indictment and proof**

In prosecution upon indictment charging defendant, a prisoner, with the wilful and felonious failure to return to custody "after being removed from the prison on a work-release pass," a violation of G.S. 148-45(b), trial court erred in refusing to grant defendant's motion to dismiss the action where the State's evidence was to the effect that the prison unit superintendent granted defendant week-end leave to visit his home and family, and there was no evidence that defendant had been granted work-release privileges, G.S. 148-33.1(b), or that the pass, if any, issued to him was related to the "work release plan."

**7. Criminal Law § 110— effect of judgment allowing motion to dismiss**

A judgment entered in accordance with the allowance of defendant's motion to dismiss will have the force and effect of a verdict of not guilty as to the criminal offense charged in the indictment. G.S. 15-173.

ON *certiorari* to review decision of the Court of Appeals.

Criminal prosecution on a bill of indictment charging that defendant, on July 23, 1967, in Gaston County, "while he the said James Cooper was then and there lawfully confined in the North Carolina State Prison System in the lawful custody of C. A. Meares, Superintendent of North Carolina Department of Corrections Prison Unit #6544, and while then and there serving a sentence for the crime of armed robbery which is a felony under the laws of the State of North Carolina, imposed at the 1964 term Superior Court, Mecklenburg County, then and there unlawfully, wilfully, and feloniously did attempt to escape and escaped from the said C. A. Meares by failing to return at the designated time and place after being removed from the prison on a work-release pass. . . ."

Defendant, represented by court-appointed counsel, pleaded not guilty.

At trial before Snepp, J., at July 22, 1968 Session of Gaston Superior Court, the jury returned a verdict of guilty; and judgment, which imposed a two-year prison sentence, was pronounced.

Defendant excepted and appealed. An order was entered (1) permitting defendant to appeal *in forma pauperis*, (2) appointing defendant's trial counsel to perfect his appeal, and (3) providing that Gaston County pay for the transcript and other documents incident to the appeal.

Upon said appeal, the Court of Appeals found "No error." 3 N.C. App. 308, 164 S.E. 2d 550. This Court granted defendant's application for *certiorari*.

*Attorney General Morgan and Staff Attorney Shepherd for the State.*

*Verne E. Shive for defendant appellant.*

BOBBITT, J.

The only evidence was that offered by the State. At the conclusion thereof, defendant moved to dismiss. The court overruled the motion. On appeal, defendant assigned as error the court's ruling and urged reversal thereof. In this connection, see G.S. 15-173 and G.S. 15-173.1.

[1, 2]　As used in G.S. 15-173, there is no difference in legal significance between a motion "to dismiss the action" and a motion "for judgment as in case of nonsuit." The question presented by defendant's motion to dismiss was whether the evidence was sufficient to warrant its submission to the jury and to support a verdict of guilty *of the criminal offense charged in the indictment. State v. Vaughan, et al.*, 268 N.C. 105, 150 S.E. 2d 31.

The sole contention made by defendant was that the court erroneously admitted in evidence the document under which defendant was confined as a prisoner; and that, in the absence of this document, there was no evidence defendant was lawfully confined pursuant to a judgment based on defendant's plea of guilty or conviction of a felony.

[3]　The document was identified by Captain C. A. Meares, Superintendent of Prison Unit #6544, as the duplicate original of the official commitment from the Superior Court of Mecklenburg County delivered to him at the time defendant was placed in his custody and since then kept under his supervision and control as a part of the official records of Prison Unit #6544. The document itself pur-

ports to bear the official seal of the Superior Court of Mecklenburg County, North Carolina, and the original signature of an assistant clerk of the Superior Court of Mecklenburg County, North Carolina. It complies fully with G.S. 148-59. As to the authority of an assistant clerk, see G.S. 2-10.

In said document, the assistant clerk, over her hand and said seal, certified defendant had pleaded guilty to armed robbery at the May 4, 1964 Regular Term of Mecklenburg Superior Court, and that, "upon said plea, judgment was rendered as follows, to wit: 'That the defendant be imprisoned in the State's Prison for the term of not less than Twelve (12) nor more than Fifteen (15) years.' "

The Court of Appeals held the document was properly admitted in evidence and that defendant was not entitled to dismissal of the action on the ground asserted by him. We agree. Even so, the question presented by defendant's assignment of error is whether the evidence was sufficient rather than whether defendant's particular contention is valid. Consideration of the evidence impels the conclusion, as in *State v. Brown*, 263 N.C. 786, 140 S.E. 2d 413, that the evidence was insufficient to support a verdict of guilty *of the criminal offense charged in the indictment.*

The evidence tends to show defendant was committed to the lawful custody of Superintendent Meares to serve a prison sentence of 12-15 years for the felony of armed robbery.

Under G.S. 148-45(a) *escape* from such custody is a felony and is punishable for the first such offense "by imprisonment for not less than six months nor more than two years." G.S. 148-45(b) provides: "(b) Any defendant convicted and in the custody of the North Carolina Department of Correction and *ordered or otherwise assigned to work under the work-release program, G.S. 148-33.1,* or any convicted defendant in the custody of the North Carolina Department of Correction and on a temporary parole by permission of the State Board of Paroles or other authority of law, *who shall fail to return to the custody of the North Carolina Department of Correction, shall be guilty of the crime of escape and subject to the provisions of subsection (a) of this section and shall be deemed an escapee.* For the purpose of this subsection, escape is defined to include, but is not restricted to, wilful failure to return to an appointed place and at an appointed time as ordered." (Our italics.)

[4, 5] "(A) defendant must be convicted, if convicted at all, of the particular offense charged in the bill of indictment." *State v. Jackson*, 218 N.C. 373, 11 S.E. 2d 149, 131 A.L.R. 143, and cases cited. Whether there is a fatal variance between the indictment and

the proof is properly presented by defendant's motion to dismiss. *State v. Hicks,* 233 N.C. 31, 62 S.E. 2d 497, and cases cited; *State v. Keziah,* 258 N.C. 52, 127 S.E. 2d 784; *State v. Kimball,* 261 N.C. 582, 135 S.E. 2d 568.

In *State v. Kimball, supra,* it was held the evidence did not establish the defendant's guilt *as charged.* Although the indictment charged a violation of G.S. 148-45(a), the State's evidence was to the effect that the defendant had violated G.S. 148-45(b). Referring to G.S. 148-45(b), Sharp, J., for the Court, said: "This section, while providing the same penalties listed in subsection (a) creates a new and distinct offense which can only be committed by a work-release prisoner or a convicted defendant temporarily on parole."

[6]    The indictment purports to charge defendant with a violation of G.S. 148-45(b), specifically the wilful and felonious failure to return to custody "after being removed from the prison on a work-release pass."

G.S. 148-33.1(d) provides, in part, that "(t)he State Department of Correction is authorized and directed to establish a work release plan under which an eligible prisoner may be released from actual custody during the time necessary to proceed to the place of his employment, perform his work, and return to quarters designated by the prison authorities," and to establish "(r)ules and regulations for the administration of the work release plan. . . ." See Advisory Opinion *In re Work Release Statute,* 268 N.C. 727, *730,* 152 S.E. 2d 225, *227.* However, the State offered no evidence tending to show defendant had been granted work-release privileges, G.S. 148-33.1(b), or that the pass, if any, issued to him was related in any way to the "work release plan." (Note: No paperwriting purporting to be a pass or copy thereof was offered in evidence.) On the contrary, Superintendent Meares testified he granted defendant permission to leave on Friday night, July 21, 1967, with the understanding defendant was to be back before 8:00 p.m. on Sunday night, July 23, 1967, in order that defendant might be at his home and with his family in Mecklenburg County. If in fact defendant had been granted work-release privileges, it would seem the week-end leave granted defendant by Superintendent Meares was outside the scope and regulations of the work-release plan.

[6, 7]    It now appears that defendant's motion to dismiss should have been allowed on the ground the State's evidence did not support the criminal offense charged in the bill of indictment. A judgment entered in accordance with the allowance of defendant's motion to dismiss will "have the force and effect of a verdict of 'not

guilty' " as to the criminal offense *charged in the indictment.* G.S. 15-173; *State v. Stinson,* 263 N.C. 283, 139 S.E. 2d 558.

It is noted that nothing in the State's evidence shows defendant was released "on a temporary parole by permission of the State Board of Paroles or other authority of law." As to the authority of the Board of Paroles to grant both regular and temporary paroles, see G.S. 148-52. As to the authority of the Commissioner of Correction to permit a prisoner to leave the limits of his place of confinement "unaccompanied by a custodial agent for a prescribed period of time . . .," see G.S. 148-4.

For the reasons indicated, the decision of the Court of Appeals is reversed, and the cause is remanded for the entry of an order remanding the action to the Superior Court of Gaston County for judgment dismissing the action.

Reversed and remanded.