State v. Trollinger

STATE OF NORTH CAROLINA v. WILLIAM TROLLINGER, JR.

No. 7118SC217

(Filed 26 May 1971)

1. **Robbery § 4; Indictment and Warrant § 17— prosecution for robbery of credit cards — variance**

There is a fatal variance between indictments alleging that defendant with force and arms obtained credit cards from the control of a named person and evidence disclosing that defendant took the cards from a garbage can. G.S. Ch. 14, Art. 19B.

2. **Criminal Law § 107— motion for nonsuit — fatal variance between pleading and proof**

A fatal variance between the indictment and the proof is properly raised by a motion for judgment as of nonsuit.

APPEAL by defendant from *Crissman, Judge,* 16 November 1970, Criminal Session, High Point Division, GUILFORD County Superior Court.

Defendant was charged in four bills of indictment with a violation of the Credit Card Crime Act, as contained in Article 19B of Chapter 14 of the Criminal Laws. Evidence for the State tended to show that the four credit cards, two belonging to Norman A. Easter and two belonging to Jack K. Beeson, were discovered when defendant was brought to the Alamance County jail after being convicted and sentenced on another charge. Pursuant to the jailer's instructions, defendant emptied his pockets and placed everything on a table. The cards were included in the contents of his pockets. Both Jack Beeson and Norman Easter testified that they had never seen defendant before, but that their credit cards had been taken by one Lester T. Summerlin during a hold-up of the Columbia Food Market

in High Point. Summerlin himself testified that he threw the cards in a garbage can and entered a pool room. He denied telling defendant that the cards were in the garbage can. A detective sergeant of the High Point Police Department testified that Summerlin informed him that he threw the cards in a trash can and then went inside the pool room and told the defendant about them.

Defendant did not offer any evidence. From a verdict of guilty in each case and a sentence in each case of 18 to 24 months, suspended for five years upon certain conditions, defendant appeals to this Court.

*Attorney General Robert Morgan by Assistant Attorney General Eugene Hafer and Staff Attorney Donald A. Davis for the State.*

*Bencini, Wyatt, Early & Harris by A. Doyle Early, Jr., for defendant appellant.*

CAMPBELL, Judge.

[1] The first bill of indictment that defendant was charged under read as follows:

"THE JURORS FOR THE STATE UPON THEIR OATH PRESENT, That WILLIAM TOLLINGER, [*sic*] JR., ALIAS 'MINNESOTA FATS' late of the County of Guilford on the 11th day of March 1970 with force and arms, at and in the County aforesaid, did unlawfully, wilfully, and feloniously obtain a credit card from the control of Norman A. Easter, the person named on the face of such credit card and to whom the credit card had been issued. This obtaining was done without the consent of the above named cardholder to whom such credit card had been issued for Humble Oil & Refining Company and which said card was in effect at the time of such obtaining, against the form of the statute in such case made and provided and against the peace and dignity of the State."

Each of the other three bills of indictment contained similar language, substituting only the name of the person named on the credit card and the company that issued the credit card. Of the four credit cards involved, two were issued in the name of Norman A. Easter and two in the name of Jack K. Beeson.

The evidence presented by the State showed that defendant did not obtain any of the credit cards from the control of either Norman A. Easter or Jack K. Beeson, but instead took them from a garbage can after either finding them there or being told that they were there. The cards were, in fact, obtained by Summerlin in the course of an armed robbery from Norman A. Easter and Jack K. Beeson.

[1, 2] The defendant contends that there was a fatal variance between the proof and the charge in the bills of indictment. We agree with this contention. A fatal variance between the indictment and the proof is properly raised by a motion for judgment as of nonsuit. 2 Strong, N. C. Index 2d, Criminal Law, § 107, p. 660. Article 19B of Chapter 14 of the Criminal Law provides for credit card crimes. There are many provisions in this Article, and it is entirely possible that the defendant violated one of these provisions. The evidence in this case, however, makes out a fatal variance from the charge contained in the bills of indictment. *State v. Bell,* 270 N.C. 25, 153 S.E. 2d 741 (1967); *State v. McDowell,* 1 N.C. App. 361, 161 S.E. 2d 769 (1968) *State v. Cooper,* 275 N.C. 283, 167 S.E. 2d 266 (1969). Compare with *State v. Muskelly,* 6 N.C. App. 174, 169 S.E. 2d 530 (1969).

In this case the motion of defendant for nonsuit should have been granted.

Reversed.

Judges BRITT and GRAHAM concur.