STATE OF NORTH CAROLINA v. PETER GREENSPAN

No. 8815SC282

(Filed 17 January 1989)

1. **Extortion § 1— offer to refrain from pressing criminal charges in exchange for money—"threat" within meaning of extortion statute**

   Defendant's action in making a telephone call in which he offered to refrain from pressing criminal charges in exchange for money amounted to threatening criminal prosecution and clearly came within the definition of "threat" proscribed by N.C.G.S. § 14-118.4, the extortion statute.

2. **Blackmail § 1; Extortion § 1— blackmail statute superseded by extortion statute**

   The extortion statute, N.C.G.S. § 14-118.4, superseded the blackmail statute, N.C.G.S. § 14-118, since the extortion statute, enacted later, covered the same acts as the blackmail statute but provided a different penalty; therefore, defendant, who was charged with extortion under N.C.G.S. § 14-118.4, was indicted and tried under the proper statute.

3. **Extortion § 1— offer to refrain from pressing criminal charges in exchange for money—guilt of extortion victim no defense**

   Where defendant called a person who had previously made harassing phone calls to him and indicated that he would not press charges if that person would pay him money, there was no merit to defendant's contention that there was no wrongful intent because he reasonably believed that the threatened party was guilty, since the victim's guilt of the crime of which he is accused is no defense to a charge of extortion; furthermore, it was no defense that defendant believed he was entitled to the property.

4. **Extortion § 1— instructions as to threat—no error**

   There was no merit to defendant's contention in an extortion prosecution that the trial court expressed an opinion or stated an irrebuttable presumption in favor of the State when the court instructed that "[s]tating that one will ob-

tain arrest warrants for some alleged crime unless one is paid some money is a threat," since that was a correct statement of the law; moreover, defendant made no specific objection to that portion of the charge and failed to include an exception in the record.

**5. Criminal Law §§ 138.41, 138.42— sentence—good character—belief that conduct was legal—failure to find mitigating factors—no error**

The trial court in an extortion case did not err in failing to find in mitigation that defendant was a person of good character or had a good reputation in the community, and that he reasonably believed his conduct was legal, since defendant did not offer any evidence as to his reputation in the community; his character witness testified that she and defendant were "very good friends" and had known each other for only five months; and, though defendant testified to the contrary, the evidence indicated that he knew that a criminal prosecution could not be settled.

APPEAL by defendant from *Brannon (Anthony M.), Judge.* Judgment entered 4 September 1987 in Superior Court, ORANGE County. Heard in the Court of Appeals 24 October 1988.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Doris J. Holton, for the State.*

*Purser, Cheshire, Parker, Hughes & Dodd, by Joseph B. Cheshire V, for defendant-appellant.*

PARKER, Judge.

Defendant was tried and convicted of extortion under G.S. 14-118.4.

Defendant brings forward three assignments of error. Defendant first contends that the trial court erred in denying his motion to dismiss for insufficient evidence. Defendant next contends that the trial court erred in portions of its charge to the jury. Defendant's final argument is that the trial court erred in failing to find certain statutory factors in mitigation of punishment.

The State's evidence tended to show the following. In late September or early October of 1986, defendant contacted the Chapel Hill Police Department to complain of harassing telephone calls. Defendant told the police that he had contacted the telephone company and the company traced five calls to a Chapel Hill address through the use of a pen register. Ali Mobarakeh, a dental student at the University of North Carolina, resided at that

address. Defendant previously had contacted the sheriff's office in Chatham County, where defendant resided, and the Chatham County authorities told defendant to take the matter to the Chapel Hill Police.

The police took no immediate action, but defendant continued to report that he was receiving harassing calls. On 14 January 1987, a meeting was arranged between defendant, Ali Mobarakeh, Morbarakeh's brother, and Lieutenant Arthur Summey of the Chapel Hill Police Department. The meeting was held to see if defendant could identify Mobarakeh's voice. Defendant identified Mobarakeh as the caller, and told Lieutenant Summey he wanted to wait overnight before signing an arrest warrant.

The next day, defendant called Mobarakeh and indicated that he would not press charges if Mobarakeh would offer him money. Mobarakeh refused, and he recorded defendant's call on his answering machine. Mobarakeh took the recording to Lieutenant Summey. Defendant had told Mobarakeh that he would call back at 11:00 P.M., and Summey instructed Mobarakeh to refuse any offers and to record that call as well. Mobarakeh returned the next morning, 16 January 1987, and gave Summey a recording of the second call. Later that morning, defendant signed three warrants for Mobarakeh's arrest.

The recordings of defendant's calls and transcripts of the calls were offered into evidence by the State. Defendant testified that Mobarakeh had initially offered a cash settlement but that this portion of the conversation had not been recorded. Defendant also testified that he had believed that he could settle the matter in the manner of a civil suit.

The jury found defendant to be guilty of extortion. The trial court made findings of factors in aggravation and mitigation of punishment and found that the factors in aggravation outweighed the factors in mitigation. From a judgment imposing a six-year prison term, defendant appeals.

Defendant first argues that the trial court erred in denying his motion to dismiss the charge against him at the close of all the evidence. The crime of extortion is defined by statute:

> Any person who threatens or communicates a threat or threats to another with the intention thereby wrongfully to

obtain anything of value or any acquittance, advantage, or immunity is guilty of extortion and such person shall be punished as a Class H felon.

G.S. 14-118.4. Defendant contends that the State failed to present sufficient evidence that defendant (i) communicated a threat and (ii) did so with the intent to wrongfully obtain something of value. To survive defendant's motion to dismiss, the State had to present substantial evidence of each element of the offense charged. *State v. Green,* 310 N.C. 466, 467, 312 S.E. 2d 434, 435 (1984).

[1] Defendant does not contend that the State's evidence failed to show that he threatened to initiate criminal proceedings against Mobarakeh or offered to refrain from initiating those proceedings in exchange for cash. Rather, defendant contends that these actions do not constitute the elements of a threat and wrongful intent within the meaning of G.S. 14-118.4. Defendant argues that threatening an individual with criminal prosecution is not a threat within the meaning of the statute and, even if it is, such a threat is not made with wrongful intent if the maker of the threat reasonably believes that the threatened party is guilty. Defendant also argues that there is no wrongful intent where the maker of the threat reasonably believes that he is entitled to the property he seeks to obtain.

We first consider defendant's argument concerning the element of communication of a threat. Our courts have not previously defined the elements of extortion under G.S. 14-118.4. Defendant relies on *Harris v. NCNB,* 85 N.C. App. 669, 355 S.E. 2d 838 (1987). In *Harris,* this Court cited G.S. 14-118.4 in holding that an allegation of a threat to file a civil action if not paid a claimed amount does not state a claim for relief in tort. *Id.* at 675-76, 355 S.E. 2d at 843. *Harris* is not relevant to the present case, which is a criminal action and involves a threat of criminal prosecution. Research discloses only one case construing the term "threat" as used in G.S. 14-118.4. In *Tryco Trucking Co. v. Belk Stores Services,* 634 F. Supp. 1327 (W.D.N.C. 1986), the court held that a threat of economic harm constituted a threat under the statute. *Id.* at 1333-34.

The common-law crime of extortion did not emcompass threats to accuse the victim of a crime, but almost all jurisdictions have included such threats in statutory definitions of extor-

tion. Note, *A Rationale of the Law of Aggravated Theft*, 54 Colum. L. Rev. 84, 94 (1954); 2 W. LaFave & A. Scott, Substantive Criminal Law § 8.12 at 461 (1986). The definition of extortion in G.S. 14-118.4 covers any threat made with the intention to wrongfully obtain "anything of value or any acquittance, advantage, or immunity." Defendant's action in making the telephone call in which he offered to refrain from pressing criminal charges in exchange for money amounted to threatening criminal prosecution and clearly comes within the purview of the broad language, "a threat."

[2] Since defendant's challenge to the denial of his motion to dismiss raises the question of a fatal variance between the proof and the indictment, *State v. Cooper*, 275 N.C. 283, 286-87, 167 S.E. 2d 266, 268 (1969), we note that defendant's conduct is also punishable as a misdemeanor under G.S. 14-118, the blackmail statute. This statute specifically proscribes accusing or threatening to accuse a person of a crime punishable by imprisonment with the intent to "extort or gain" from that person any chattel, money or valuable security. The offense of blackmailing under G.S. 14-118 has been codified in substantially the same form since 1854. Revised Code Ch. 34, § 110 (1854). General Statute 14-118.4 was enacted in 1973. 1973 N.C. Sess. Laws Ch. 1032. Although repeals by implication are not favored, the following rules govern construction of criminal statutes:

> [W]hen a new penal statute practically covers the whole subject of a prior penal act, and embraces new provisions, plainly and manifestly showing that it was the legislative intent for the later act to supersede the prior act, and to be a substitute therefor, comprising the sole and complete system of legislation on the subject, the later act will operate as a repeal of the prior act.

*State v. Lance*, 244 N.C. 455, 457, 94 S.E. 2d 335, 337 (1956). A later penal statute repeals a former one when it covers the same acts but fixes a different penalty or substantially redefines the offense. *United States v. Yuginovich*, 256 U.S. 450, 463, 41 S.Ct. 551, 554, 65 L.Ed. 1043, 1047 (1921); 1A N. Singer, Sutherland Statutory Construction § 23.26 (4th ed. 1985).

Applying the above rules of construction to the circumstances of the present case, we find that G.S. 14-118.4 supersedes

G.S. 14-118. Accordingly, we hold that defendant was indicted and tried under the proper statute.

[3]   We next consider defendant's arguments concerning the element of wrongful intent. Defendant contends that the evidence shows that defendant lacked the requisite intent because he reasonably believed that (i) the victim was guilty of the crime upon which defendant's threat was based and (ii) he was entitled to the money he sought to obtain as compensation for the discomfort resulting from the harassing phone calls. Defendant's argument is premised on the language of G.S. 14-118.4 which requires that the threat be made "with the intention wrongfully to obtain anything of value . . . ." Defendant contends that his intent was not "wrongful" within the meaning of the statute. We disagree.

Defendant's belief in the victim's guilt is not relevant. The wrongful intent required by the statute refers to the obtaining of property and not to the threat itself. Even if the victim were guilty, this would not entitle defendant to demand money in exchange for refraining from initiating criminal proceedings. The majority of jurisdictions that have considered the matter have held that the victim's guilt of the crime of which he is accused is no defense to a charge of extortion. 2 W. LaFave & A. Scott, Substantive Criminal Law § 8.12 at 461 (1986).

Defendant also argues that, because he believed he was entitled to the money he sought to obtain, he did not communicate a threat with the intent to "wrongfully" obtain the property. There is a split of authority on the question of whether a defendant's reasonable belief that he is entitled to the property he seeks to obtain constitutes a defense to a charge of extortion. *See* Annotation, *Extortion In Collecting Claim*, 135 A.L.R. 728 (1941). Those states that have refused to recognize the defense have done so on the theory that their statutes prohibit the means used to obtain the property and, therefore, it is no defense that the defendant believed he was entitled to the property. Note, *A Rationale of the Law of Aggravated Theft*, 54 Colum. L. Rev. 84, 99 (1954). Several states, however, have included the "claim of right" defense in their statutes. 2 W. LaFave & A. Scott, Substantive Criminal Law § 8.12, at 461-62 n.24 (1986). In the absence of such a statutory provision, however, the majority of jurisdictions do not recognize the defense. *See United States v. Zappola*, 677 F. 2d 264,

268-69 (2d Cir.), *cert. denied*, 459 U.S. 866, 103 S.Ct. 145, 74 L.Ed. 2d 122 (1982) and cases cited therein.

Among those jurisdictions that have recognized the defense, it has most often been recognized in cases where, assuming that the victim was in fact guilty, the defendant was clearly entitled to some form of compensation. The cases cited by defendant are illustrative. In *State v. Burns*, 161 Wash. 362, 297 P. 212, *aff'd per curiam on rehearing*, 1 P. 2d 229 (1931), the defendant demanded the return of funds that had been embezzled by the victim. In *Mann v. State*, 47 Ohio St. 556, 26 N.E. 226 (1890), the defendant demanded compensation for property destroyed by the victim. In the present case, however, defendant's entitlement to any money from the victim would depend upon defendant's ability to prevail in a civil action for damages. Even assuming that defendant could prevail in such an action, the amount of damages he would recover is a matter of speculation; yet the evidence shows that defendant asked for the specific sums of $750 and $500.

Because this issue has been raised in the context of the trial court's denial of defendant's motion to dismiss, we must consider the evidence in the light most favorable to the State. *State v. Brown*, 310 N.C. 563, 566, 313 S.E. 2d 585, 587 (1984). Under the facts of this case, we find no error in the trial court's denial of defendant's motion.

[4] Defendant next contends that the trial court erred in instructing the jury that "[s]tating that one will obtain arrest warrants for some alleged crime unless one is paid some money is a threat." The record shows that defendant made no specific objection to that portion of the charge and failed to include an exception in the record as required by Rule 10(b)(2) of the N.C. Rules of Appellate Procedure. Defendant has therefore waived his right to assign error to that portion of the charge. In view of our previous discussion concerning the meaning of "threat" in G.S. 14-118.4, the quoted portion of the charge is a correct statement of the law. Accordingly, we find no merit in defendant's contentions that the statement was an expression of opinion by the trial court or that it constituted an irrebuttable presumption in favor of the State.

Defendant also contends that the trial court erred in instructing the jury on the distinction between civil and criminal cases. The court instructed the jury that parties may not settle criminal

cases but that an offer to settle a civil case is not unlawful. Although defendant made an objection to the form of this instruction, the grounds for the objection are unclear. Defendant appears to be contending that the instruction is erroneous because it fails to state that defendant lacked the requisite intent if he mistakenly believed that criminal cases could be settled in the same manner as civil actions. Without deciding the validity of defendant's theory, we find no error in the trial court's charge. The trial court's instructions were adequate to enable the jury to apply the law to the substantive features of the case and, if defendant desired further elaboration on a particular point, he needed to request additional instructions. *See State v. Atkinson,* 39 N.C. App. 575, 581, 251 S.E. 2d 677, 682 (1979).

[5] Defendant's final argument is that the trial court erred in failing to find two statutory factors in mitigation of punishment. Under the Fair Sentencing Act, the defendant has the burden of persuasion on mitigating factors and the trial court's failure to find a mitigating factor is reversible error only when the evidence of its existence is both uncontradicted and manifestly credible. *State v. Jones,* 309 N.C. 214, 219-20, 306 S.E. 2d 451, 455 (1983). Defendant contends that the trial court erred in failing to find that he "has been a person of good character or has had a good reputation in the community in which he lives," G.S. 15A-1340.4(a)(2)(m), and that he "reasonably believed that his conduct was legal." G.S. 15A-1340.4(a)(2)(k).

At the sentencing hearing, defendant's character witness testified that defendant is honest, he helps people, and he was taking care of an abused child. The witness did not testify as to defendant's reputation in the community. Although the testimony was uncontradicted evidence of good character, it was not manifestly credible so as to require the trial court to find a mitigating factor. The witness testified that she and defendant were "very good friends" and she had known defendant for only five months. The witness's relationship to defendant and the fact that she knew him for only a short period of time are factors which detract from the credibility of her testimony. The trial court was free to accept or reject the testimony based on its assessment of the witness's credibility. *State v. Benbow,* 309 N.C. 538, 548, 308 S.E. 2d 647, 653 (1983); *State v. Taylor,* 309 N.C. 570, 578, 308 S.E. 2d 302, 308 (1983).

The only evidence to support a finding that defendant reasonably believed that his conduct was legal was defendant's own testimony to the effect that he thought he could settle the matter in the manner of a civil action. Although there is no evidence directly contradicting this testimony, it is not supported by the circumstances of the case. The evidence shows that defendant never raised the issue of a settlement in the presence of the authorities but only discussed it with the victim over the telephone. When requesting payment, defendant made clear to the victim that the matter could not be settled after defendant signed the arrest warrants; thus indicating that he knew that a criminal prosecution could not be settled. Under these circumstances, the mitigating factor was not shown by substantial, uncontradicted, and manifestly credible evidence and the trial court did not err in refusing to find a factor in mitigation of punishment. *See State v. Lane*, 77 N.C. App. 741, 745, 336 S.E. 2d 410, 412-13 (1985).

For the foregoing reasons, we hold that defendant's trial and sentence were free of reversible error.

No error.

Chief Judge HEDRICK and Judge JOHNSON concur.