NO. COA14-997

 NORTH CAROLINA COURT OF APPEALS

 Filed: 7 April 2015

STATE OF NORTH CAROLINA

 v. Wake County
 No. 12CRS228467
JAMAR ISHMEAL WRIGHT
 Defendant.

 Appeal by Defendant from judgment entered 11 February 2014 by

Judge Henry W. Hight, Jr. in Wake County Superior Court. Heard in

the Court of Appeals 5 February 2015.

 Attorney General Roy A. Cooper, III, by Special Deputy
 Attorney General James M. Stanley, Jr., for the State.

 Kevin P. Bradley for Defendant-appellant.

 DILLON, Judge.

 Jamar Ishmeal Wright (“Defendant”) appeals from a conviction

of robbery with a dangerous weapon. For the following reasons, we

find no error in Defendant’s trial.

 I. Background

 Defendant was indicted for robbery with a dangerous weapon

and other charges arising from an incident which occurred when

allegedly he entered the residence of another and brandished a

gun. Defendant was tried by a jury. At trial, the State offered
 -2-
evidence which tended to show as follows: Chanel Brown asked

Michael Kurz to repair her car by buying and installing a new

alternator. She gave him $150.00. However, on the day in

question, Mr. Kurz used the $150.00 to post bond for a crime he

was charged with, planning to replace the money and repair Ms.

Brown’s car the next day. Hours after Mr. Kurz posted bond using

Ms. Brown’s money, Ms. Brown and two others forcibly entered the

home of Mr. Kurz that he shared with his mother in order to get

back Ms. Brown’s money. After some discussion, Ms. Brown left the

Kurz residence only to return soon later with Defendant. Defendant

threatened the Kurzes, pulling out an automatic handgun. Mr. Kurz

told Defendant that he would make arrangements with Ms. Brown for

the next morning, but Defendant responded that Mr. Kurz’ proposal

was unacceptable.

 Defendant and the others decided to take a computer belonging

to Mr. Kurz’ mother as “collateral[,]” which was worth

approximately $1,000.00. They informed Mr. Kurz that when he gave

Ms. Brown the $150.00 they would return the computer, “maybe,” and

that he “might get it back[.]” They further threatened to kill

Mr. Kurz and his mother if Mr. Kurz called the police.

 The next day police went to Ms. Brown’s apartment, but she

informed them that she and her companions had not taken anything
 -3-
from the Kurz residence. However, in fact, Ms. Brown had hidden

the computer from the police. The computer was never returned to

the Kurzes.

 Defendant did not present any evidence at trial.

 The jury found Defendant guilty of robbery with a dangerous

weapon. The trial court sentenced Defendant to a term of 64 to 89

months of imprisonment. Defendant timely filed a written notice

of appeal.

 II. Analysis

 Defendant argues on appeal that extortion, a Class F felony,

is a lesser included offense of robbery with a dangerous weapon,

a Class D felony, and that the trial court committed plain error

in failing to instruct the jury on this lesser included offense.

Essentially, Defendant contends that there was evidence from which

a jury could have convicted Defendant of extortion based on the

testimony that Defendant took the computer as collateral and

brandished the gun to coerce Mr. Kurz to refund to Ms. Brown the

$150.00 she had given him. We disagree.

 A. Lesser included offense

 Defendant argues that “[b]ecause the essential elements of

extortion—obtaining something of value by coercion—are essential

elements of armed robbery, extortion is a lesser included offense
 -4-
of robbery with a dangerous weapon.” Defendant further contends

that “[a]rmed robbery refines the elements of extortion by

requiring the coercion to be by use or threatened use of a firearm

or other dangerous weapon, by requiring property to be taken and

not just anything of value, and by requiring intent to deprive the

victim of the property permanently.” As Defendant’s argument

presents a question of law, our standard of review is de novo.

State v. Nickerson, 365 N.C. 279, 281, 715 S.E.2d 845, 846 (2011).

 “It is well-settled that the trial court must submit and

instruct the jury on a lesser included offense when . . . there is

evidence from which the jury could find that defendant committed

the lesser included offense.” State v. Porter, 198 N.C. App. 183,

189, 679 S.E.2d 167, 171 (2009) (marks omitted).

 Here, we must first determine whether extortion is a lesser

included offense of robbery with a dangerous weapon. In State v.

Weaver, our Supreme Court adopted a “definitional” test rather

than a “factual” test for determining whether one crime is a lesser

included offense of another crime:

 We do not agree with the proposition that the
 facts of a particular case should determine
 whether one crime is a lesser included offense
 of another. Rather, the definitions accorded
 the crimes determine whether one offense is a
 lesser included offense of another crime. In
 other words, all of the essential elements of
 the lesser crime must also be essential
 -5-
 elements included in the greater crime. If the
 lesser crime has an essential element which is
 not completely covered by the greater crime,
 it is not a lesser included offense. The
 determination is made on a definitional, not
 a factual basis.

State v. Weaver, 306 N.C. 629, 635, 295 S.E.2d 375, 378-79 (1982)

(emphasis in original), overruled in part on other grounds by State

v. Collins, 334 N.C. 54, 61, 431 S.E.2d 188, 193 (1993). Thus,

the test is whether the essential elements of the lesser crime are

essential elements of the greater crime. If the lesser crime

contains at least one essential element that is not an essential

element of the greater crime, then the lesser crime is not a lesser

included offense.

 On the one hand, N.C. Gen. Stat. § 14-118.4 (2012) provides,

in pertinent part, that a person is guilty of extortion if that

person “threatens or communicates a threat or threats to another

with the intention thereby wrongfully to obtain anything of value

or any acquittance, advantage, or immunity . . . .” Although not

defined in the statute, “obtain” means “[t]o succeed in gaining

possession of as the result of planning or endeavor; acquire.”

The American Heritage College Dictionary 943 (3d ed. 1997). “The

definition of extortion in G.S. 14-118.4 covers any threat made

with the intention to wrongfully obtain ‘anything of value or any
 -6-
acquittance, advantage, or immunity.’” State v. Greenspan, 92

N.C. App. 563, 567, 374 S.E.2d 884, 886 (1989).

 On the other hand, the elements necessary to constitute armed

robbery under this section are: (1) the unlawful taking or an

attempt to take personal property from the person or in the

presence of another; (2) by use or threatened use of a firearm or

other dangerous weapon; and (3) whereby the life of a person is

endangered or threatened. N.C. Gen. Stat. § 14-87 (2012).

 Both armed robbery and extortion involve a threat. However,

the subject matter of the threat is much broader for the crime of

extortion. Specifically, where armed robbery requires that the

subject matter be personal property which is taken and carried

away, extortion permits obtaining “anything of value or any

acquittance, advantage, or immunity.” See N.C. Gen. Stat. § 14-

118.4. A thing “of value or acquittance, advantage, or immunity”

could involve coercing someone not to file a civil suit or to go

to the police rather than coercing someone to hand over an item of

personal property. Therefore, Defendant’s contention that the

crime of extortion is a lesser included offense of armed robbery

fails the definitional test adopted by our Supreme Court. See

Weaver, 306 N.C. at 635, 295 S.E.2d at 378-79. Accordingly, we
 -7-
hold that the trial court did not commit error, much less plain

error, in failing to instruct the jury on the charge of extortion.

 NO ERROR.

 Judges GEER and STEPHENS concur.