STATE v. WILLIAM D. KIMBALL.

(Filed 8 April, 1964.)

**1. Criminal Law § 121—**

A motion in arrest of judgment must be based on defects appearing on the face of the record proper and it may not be used, after verdict, as a substitute for a motion to nonsuit for variance.

**2. Escape § 1—**

Where, in a prosecution under G.S. 148-45(a), all of the evidence tends to show that defendant was a work-release prisoner and that defendant, instead of reporting to the pickup point after work for return to the prison camp, voluntarily went to his home without permission, the evi-dence discloses a violation of G.S. 148-45(b) and will not support a con-viction of the offense charged, and therefore peremptory instruction for the State upon the charge is error.

**3. Criminal Law § 104—**

The correct form of peremptory instructions is that if the jury should find beyond a reasonable doubt the facts to be as all of the evidence tends

to show, the jury should return a verdict of guilty, but that if the jury is not so satisfied it would be its duty to return a verdict of not guilty, since notwithstanding the evidence may be all one way the credibility of the evidence is always for the jury to determine.

APPEAL by defendant from *Martin, J.,* September 30, 1963 Special Criminal Term of MECKLENBURG.

Defendant is a prisoner in the State prison system serving a sentence of thirty-seven months imposed at the April 1963 Term of Gaston County for uttering worthless checks and forgery. He was tried upon a bill of indictment which charged that in August 1963 while lawfully confined at the Huntersville Prison Camp pursuant to this sentence, he feloniously escaped therefrom.

The State's evidence tended to show the following facts:

Defendant was assigned to the work-release program under the provisions of G.S. 148-33.1. The Huntersville Camp is "a single purpose prison camp" for work-release prisoners. A prison bus which runs on a regular schedule deposited defendant each morning and picked him up each evening at 6:30 at the Krispy Kreme Donut place located in Charlotte at the intersection of Hawthorne Lane and Independence Boulevard. The rules required that a prisoner who finished work early notify the camp so that he might be picked up immediately. On Saturday, August 17, 1963, the defendant did not report to the pickup point at 6:30 p.m. At 7:30 p.m. he called the camp and reported that he had missed the bus but was then at the Krispy Kreme Donut place. The camp sergeant told him to remain there and a car was immediately sent for him but defendant was not there when the car arrived. He did not return to the camp that night and the next day the Gaston County police reported that he was in custody in Gastonia on a charge of public drunkenness.

The defendant's evidence tended to show: On August 17th he finished work at 12:30 p.m. and immediately called the camp; in consequence of the instructions he received from Captain Freeman, he went to the corner of Elizabeth Avenue and Independence Boulevard where he remained for two or three hours waiting for someone to pick him up. At 3:00 p.m. he went into a pool room where, in conscious violation of prison rules, he consumed four king-sized beers while he watched for the prison bus. When it had not come at 4:30 p.m., he left without making any further effort to contact the prison camp and went to Gastonia where he lived. He had received no instructions or permission to go to Gastonia. At 6:45 p.m. he was arrested on a charge of public drunkenness and placed in jail in Gastonia where he remained

until Monday morning, August 19th, when he was tried and convicted of the charge. He was returned to the camp on Tuesday, August 20th.

The jury returned a verdict of guilty as charged in the bill of indictment and defendant appealed.

*Attorney General Bruton and Assistant Attorney General Richard T. Sanders for the State.*
*Howard B. Arbuckle, Jr., for defendant appellant.*

SHARP, J.   G.S. 148-45(a) makes it unlawful for any prisoner serving a sentence in the State prison system to escape or attempt to escape, and provides varying penalties for misdemeanants and felons. By Chapter 681 of the Session Laws of 1963, the legislature added subsection (b) as follows:

> "(b)   Any defendant convicted and in the custody of the North Carolina Prison Department and ordered or otherwise assigned to work under the work-release program, G.S. 148-33.1, or any convicted defendant in the custody of the North Carolina Prison Department and on a temporary parole by permission of the State Board of Paroles or other authority of law, who shall fail to return to the custody of the North Carolina Prison Department, shall be guilty of the crime of escape and subject to the provisions of subsection (a) of this section and shall be deemed an escapee. For the purpose of this subsection, escape is defined to include, but is not restricted to, wilful failure to return to an appointed place and at an appointed time as ordered."

This section, while providing the same penalties listed in subsection (a) creates a new and distinct offense which can only be committed by a work-release prisoner or a convicted defendant temporarily on parole. The indictment in this case follows the language of subsection (a), but the evidence discloses a violation of subsection (b). However, the defendant did not move for the nonsuit to which he was entitled for this fatal variance. *State v. Hicks,* 233 N.C. 31, 62 S.E. 2d 497. Upon the argument here, defendant moved in arrest of judgment for that he had been indicted under G.S. 148-45(a) but tried under G.S. 148-45(b).

A motion in arrest of judgment must be based on defects appearing on the face of the record proper. It may not be used after verdict as a substitute for a motion for nonsuit to dismiss the action because of a variance between the indictment and proof or for want of sufficient evidence to support the verdict. *State v. Reel,* 254 N.C. 778, 119 S.E. 2d

876; *State v. McKnight,* 196 N.C. 259, 145 S.E. 281. Therefore, the motion in arrest of judgment is overruled.

The defendant assigns as error the following portion of his Honor's charge:

> ". . . (T)he court instructs you that if you find the facts to be in this case as all the evidence tends to show beyond a reasonable doubt, then it will be your duty, Members of the Jury, to return a verdict in this case of guilty."

By voluntarily going to Gastonia without permission defendant was, on his own statement, guilty of a violation of G.S. 148-45(b). However, he was indicted for a breach of G.S. 148-45(a). Therefore, his Honor committed error by peremptorily instructing the jury to find defendant guilty if it found the facts to be as all the evidence tended to show. The evidence, if true, did not establish his guilt *as charged.* Defendant was entitled to a directed verdict of not guilty.

Aside from the fundamental error in the quoted instruction, its form impels the following observation: Where the uncontradicted evidence, if true, establishes a defendant's guilt as a matter of law, the court may instruct the jury to return a verdict of guilty if it finds such evidence to be true beyond a reasonable doubt. *State v. Johnson,* 195 N.C. 657, 143 S.E. 185. In such instance the approved form of instruction is that it would be the jury's duty to return a verdict of guilty as charged if the State has satisfied the jury beyond a reasonable doubt that all the evidence in the case is true (or that the facts in the case are as all the evidence tends to show); otherwise, it would be its duty to return a verdict of not guilty. *State v. Baker,* 229 N.C. 73, 48 S.E. 2d 61; *State v. Taylor,* 236 N.C. 130, 71 S.E. 2d 924; *Cf. State v. Gibson,* 245 N.C. 71, 95 S.E. 2d 125; *State v. Hayden,* 224 N.C. 779, 32 S.E. 2d 333. The credibility of the evidence is always for the jury and the judge may never declare that all the evidence tends to show any fact beyond a reasonable doubt. G.S. 1-180.

For the error in the charge there must be a new trial. However, the solicitor will no doubt desire to take a *nol pros* in this case and to prosecute defendant for the offense of which the evidence tends to establish his guilt.

New trial.