STATE OF NORTH CAROLINA v. BRUCE LEE ALLEN (Case No. 71CR832); BRUCE LEE ALLEN (Case No. 71CR833); and WALTER ALLEN, JR., (Case No. 71CR834)

No. 721SC162

(Filed 24 May 1972)

**1. Criminal Law § 99— questions by trial court — expression of opinion**

Questions which the trial court asked the State's witnesses were for the purpose of clarification and did not constitute an expression of opinion.

**2. Criminal Law § 87— leading questions**

The trial court did not abuse its discretion in permitting the State to ask its witness leading questions where the questions sought to elicit elaboration about matters already mentioned.

**3. Automobiles § 126; Criminal Law § 64; Constitutional Law § 33— breathalyzer test — failure to advise of right to refuse**

Failure of officers to advise defendant of his right to refuse to take a breathalyzer test does not render the result of the test inadmissible in evidence, defendant having impliedly consented to the test by operating a motor vehicle on the public highways of the State. G.S. 20-16.2.

**4. Criminal Law § 73— hearsay evidence**

Written or oral evidence is hearsay when its probative force depends in whole or in part upon the competency and credibility of some person other than the witness by whom it is sought to be produced.

**5. Automobiles § 126; Criminal Law §§ 73, 169— hearsay evidence — harmless error**

While the trial court erred in the admission of hearsay testimony by a breathalyzer operator that ampules containing an alcohol sensitive solution used in the breathalyzer test were tested by the S.B.I. laboratory, the admission of such testimony was harmless error where there was extensive testimony on both the procedure for administering the breathalyzer test and on the operator's test of the equipment.

**6. Automobiles § 127— drunken driving — sufficiency of evidence**

The State's evidence was sufficient for the jury in a prosecution for drunken driving where it tended to show that when an automobile driven by defendant was stopped by an officer, defendant had a strong odor of alcohol about him and walked with a weave, and that a breathalyzer test indicated a blood alcohol content of .16 percent.

**7. Assault and Battery § 14; Indictment and Warrant § 17— assault on police officer — fatal variance**

There was a fatal variance where an indictment charged that defendant assaulted a police officer while the officer was attempting to arrest defendant for drunken driving, and all the evidence was to the effect that defendant had submitted to the arrest without

resistance some 15 minutes prior to the alleged assault and that the assault occurred while the officer was attempting to arrest a passenger in the vehicle driven by defendant.

**8. Obstructing Justice — arguing with an officer**

The State's evidence was insufficient to be submitted to the jury on the issue of defendant's guilt of obstructing an officer while the officer was attempting to arrest defendant's companion for drunken driving, where it tended to show only that defendant was arguing with the officer and protesting the seizure of an unopened bottle of liquor which defendant claimed was his.

**9. Arrest and Bail § 6— resistance of unlawful arrest**

Every person has the right to resist an unlawful arrest and may use such force as reasonably appears to be necessary to prevent the unlawful arrest.

**10. Arrest and Bail § 6— resistance of unlawful arrest**

Defendant did not use an unreasonable amount of force in resisting an unlawful arrest by grabbing the officer's shirt pocket after the officer "took hold" of him.

APPEAL by defendants from *Cohoon, Judge,* at the 27 September 1971 Session of PASQUOTANK Superior Court.

Defendants were tried together on three bills of indictment. The first indictment charged Bruce Lee Allen with driving under the influence of intoxicating liquor (Indictment No. 832). Bruce Lee Allen was charged in a second indictment with assaulting a police officer while the officer was attempting to discharge his duty by arresting Bruce Lee Allen for driving under the influence of intoxicating liquor. (Indictment No. 833). The third indictment contained two counts. The first count charged Walter Allen, Jr., with obstructing a public officer while the officer was attempting to discharge his duty by arresting Bruce Lee Allen. The second count charged Walter Allen, Jr., with assaulting the officer while the officer was attempting to discharge his duty by arresting Bruce Lee Allen for driving under the influence of intoxicating liquor (Indictment No. 834).

The facts disclose that on 8 April 1971 Highway Patrolman Y. Z. Newberry observed an automobile being driven backwards on a city street in Elizabeth City. He stopped the vehicle which was being driven by Bruce Allen. He placed Bruce Allen under arrest, took him to the patrol car and charged him with driving a motor vehicle under the influence of an intoxicating liquor. He asked for the registration of the automobile. Bruce Allen

told him that the passenger in the right rear seat was the owner of the automobile and had the registration for it. The officer went back to the automobile, talked to the passenger on the right rear seat and saw the registration card. The officer then went back to the patrol car to radio headquarters about getting a breathalyzer test. He then made a third trip back to the vehicle in question. This time he was looking for evidence. He found three unopened cans of beer in the front seat. In the rear seat he found two or three cans of beer and an opened, partially consumed, can of beer. Walter Allen was sitting in the left rear seat. Between him and the car door there was a coat and under the coat there was a one-fifth bottle of Seagrams Whiskey with the seal unbroken. The officer took the cans of beer and the unopened whiskey bottle which he said he was going to retain for evidence. Walter Allen insisted that the unopened bottle of whiskey belonged to him and that the officer had no right to take it. They had words over it, and the officer took the whiskey anyway. Walter Allen got out of the car and followed the officer back to the patrol car. He was still insisting that it was his whiskey, and that the officer had no right to take it. Walter Allen then reached to get the whiskey bottle back but was unsuccessful. The officer got out of the car and told Walter Allen that if he did not cease arguing about the whiskey, he would place him under arrest. At that time a city policeman arrived on the scene and took Walter Allen back to the vehicle in question and attempted to pacify him but was unsuccessful. Walter Allen again left the vehicle and went back to the patrol car and again argued with the officer about his bottle of whiskey. At this time the officer took Walter Allen by the arm and told him he was placing him under arrest. Walter Allen then grabbed the patrolman's shirt. The Elizabeth City policeman separated Walter Allen from the patrolman and took him away. Bruce Allen was sitting in the patrol car during this episode. After the patrolman had attempted to arrest Walter Allen and Walter Allen had grabbed his shirt, the patrolman slapped him. Upon this occurrence Bruce Allen got out of the automobile and then committed an assault upon the patrolman for slapping his brother Walter.

At the trial results of a breathalyzer test given Bruce Lee Allen were introduced into evidence over defendant's objection.

The jury returned verdicts of guilty on all charges and judgments were entered on the verdicts.

From the verdicts and judgments, defendants appeal.

*Attorney General Robert Morgan by Assistant Attorneys General James E. Magner and Claude W. Harris for the State.*

*John T. Chaffin for defendant appellants.*

CAMPBELL, Judge.

[1]   At the trial the court asked a number of questions of the State's witnesses. Defendants assign as error these questions contending that they conveyed the impression that the court had an opinion and was expressing that opinion in violation of G.S. 1-180.

Our examination of the record reveals that the questions asked by the trial court were for the purpose of clarification. We cannot perceive any expression of opinion in these questions. Defendants do not show us how the questions could have expressed an opinion nor do they show us how they were prejudiced by the trial court's questions.

It is sometimes necessary for a trial judge to question a witness, and such questions are proper so long as they are asked with care and in a manner which avoids prejudice to either party. *State v. Colson,* 274 N.C. 295, 163 S.E. 2d 376 (1968). The questions by the judge did not indicate an opinion nor did they prejudice the defendants. They served only to clarify the evidence and were therefore proper. *State v. Carter,* 233 N.C. 581, 65 S.E. 2d 9 (1951).

[2]   Defendants also contend that the court erred in permitting the State to ask its witness leading questions. The questions to which the exception was taken were for the purpose of eliciting elaboration about matters already mentioned. The questions did not suggest an answer. The court has discretionary power to permit leading questions to be asked and there will be no review of the court's ruling unless an abuse of discretion appears. *State v. Hairston* and *State v. Howard* and *State v. Mc-Intyre,* 280 N.C. 220, 185 S.E. 2d 633 (1972). There was no abuse of discretion in this case. This assignment of error is overruled.

Defendant Bruce Lee Allen next contends that it was error to admit the results of a breathalyzer test given him shortly after his arrest. Defendant contends that he was not informed

of his right to refuse to take the breathalyzer test and therefore the results of the test should not have been admitted. Defendant also contends that the court erred in permitting the officer who administered the breathalyzer test to testify that the ampules used in the breathalyzer had been tested by the S.B.I. It is contended that this testimony was hearsay.

[3] Defendants' first argument is without merit. Under our statutes anyone who operates a motor vehicle upon the highways of the State is deemed to have given consent to a breathalyzer test. G.S. 20-16.2. This Court has held that under this statute failure to advise a defendant of his right to refuse the breathalyzer test does not render the results of the test inadmissible in court. *State v. McCabe,* 1 N.C. App. 237, 161 S.E. 2d 42 (1968).

Defendants' next assignment of error is to certain testimony by the officer who administered the breathalyzer test. The officer testified that ampules containing an alcohol sensitive solution were used in the breathalyzer. The following questions were then put to the witness by the solicitor and the court:

"Q. Do you know whether or not they are tested at any time after they leave the manufacturer?

A. Yes, sir, they are tested.

Q. Where?

A. By the SBI laboratory.

OBJECTION by Mr. Chaffin.

BY THE COURT: Yes, do you know of your own knowledge?

A. I have a copy of the analysis, they are numbered, the batch; the ampules are numbered and a certain batch of these are sent in to the SBI laboratory and I have an analysis of it."

Defendant contends that the testimony as to where the ampules were tested was hearsay.

[4] Evidence, oral or written, is called hearsay when its probative force depends, in whole or in part, upon the competency and credibility of some person other than the witness by whom it is sought to be produced. Stansbury, N. C. Evi-

dence, 2d Ed., § 138. Hearsay evidence is not admissible, unless it falls within one of the many exceptions to the hearsay rule.

[5]   The witness in this case had no firsthand knowledge of any tests run by the S.B.I. laboratory and the report to which he referred was itself hearsay. We conclude that the testimony was in fact hearsay and should not have been admitted. Reversal will not, however, be granted for mere harmless error in the admission of evidence. In this case there was extensive testimony on both the procedure for administering the breathalyzer test and on the operator's test of the equipment. The defendant could not have been prejudiced in any way by the admission of this testimony. Defendant has failed to show prejudicial error and the ruling of the lower court will not be disturbed.

The defendant next assigns as error the court's charge to the jury on intoxication. We have examined this portion of the charge and find that the trial court gave full and proper instructions to the jury on this question. This assignment of error is overruled.

[6]   The defendants next assign as error the denial of their motions for nonsuit as to each charge. An examination of the record reveals that there was sufficient evidence to go to the jury on the charge against Bruce Lee Allen of driving under the influence of intoxicating liquor. The arresting officer stated that Bruce Lee Allen walked with a weave, had a strong odor of alcohol about him and was obviously intoxicated. The breathalyzer test indicated a blood alcohol content of .16 per cent and a content of .10 per cent creates a presumption of intoxication. This evidence, when viewed in the light most favorable to the State, as it must be in ruling on a motion for nonsuit, was sufficient to go to the jury. The court was correct in denying defendant Bruce Lee Allen's motion for nonsuit on the charge of driving under the influence of intoxicating liquor.

[7]   A review of the evidence against Bruce Lee Allen on the charge of assaulting an officer leads us to the conclusion that there is a fatal variance between the allegations in the indictment and the evidence. The indictment charges Bruce Lee Allen with assaulting a public officer, "while such officer was discharging and attempting to discharge a duty of his office, to wit: arresting the said Bruce Lee Allen for the offense of driving a motor vehicle while under the influence of intoxicating

liquor. . . ." All the evidence, however, was to the effect that Bruce Lee Allen had been arrested some fifteen minutes earlier. He submitted to the arrest and offered no resistance. Bruce Lee Allen did nothing to interfere with the officer until the officer attempted to arrest Walter Allen and an altercation developed between the officer and Walter Allen. Thus, the alleged assault was committed while the officer was attempting to arrest Walter Allen, not while the officer was attempting to arrest Bruce Lee Allen. The State's evidence did not establish the defendant's guilt as charged. *State v. Cooper,* 275 N.C. 283, 167 S.E. 2d 266 (1969). *State v. Kimball,* 261 N.C. 582, 135 S.E. 2d 568 (1964). The defendant Bruce Lee Allen's motion for nonsuit should have been allowed as to this charge.

Defendant Walter Allen also moved for a nonsuit at the conclusion of the State's evidence. The indictment against Walter Allen charges him with resisting, delaying and obstructing a public officer while the officer was attempting to arrest Bruce Lee Allen and with assault on a public officer while the officer was attempting to arrest Bruce Lee Allen.

[8] The evidence produced at the trial is that Walter Allen protested that the liquor seized by the officer was his and that the officer had no right to take it. Walter Allen followed the officer back to the patrol car insisting that the officer return the liquor. He made no attempt to interfere with the officer and did not threaten to do so. There was no threat of physical violence. Walter Allen offered no resistance to the officer until he was placed under arrest.

The question is whether Walter Allen's actions up until the time of his arrest constituted the offense of resisting, delaying and obstructing an officer and thereby gave the officer cause to arrest Walter Allen. We hold that they did not.

"[M]erely remonstrating with an officer in behalf of another, or criticizing an officer while he is performing his duty, does not amount to obstructing, hindering, or interfering with an officer; . . .

". . . Vague, intemperate language used without apparent purpose . . . is not sufficient. . . ." 58 Am. Jur. 2d, Obstructing Justice, §§ 12 and 13, pp. 863, 864.

The Supreme Court of the United States has said that:

"Although force or threatened force is not always an indispensable ingredient of the offense of interfering with an officer in the discharge of his duties, mere remonstrances or even criticisms of an officer are not usually held to be the equivalent of unlawful interference. . . ." *District of Columbia v. Little,* 339 U.S. 1, 94 L.Ed. 599, 70 S.Ct. 468.

Walter Allen was merely arguing with the officer and protesting the confiscation of his liquor. He had committed no offense and the officer had no authority to arrest him.

The assault alleged in count two of the indictment did not occur until the officer placed his hand on Walter Allen and arrested him. It is contended that since the arrest was illegal, the defendant had a right to resist the arrest.

[9, 10] We have held that the initial arrest was illegal. It is well established that every person has the right to resist an unlawful arrest and he may use such force as reasonably appears to be necessary to prevent the unlawful arrest. *State v. Mobley,* 240 N.C. 476, 83 S.E. 2d 100 (1954). See also 5 Am. Jur. 2d, Arrest, § 94. The evidence is that when the officer "took hold" of Walter Allen, Walter grabbed the officer's shirt pocket. The officer slapped Walter Allen who was then subdued by another officer. This is clearly not an unreasonable amount of force to use in resisting the unlawful arrest. It did not exceed that force which appeared to be necessary to resist the restraint. We conclude that Walter Allen was exercising his lawful right to resist an illegal arrest when the affray, out of which these charges arose, occurred.

The motion for nonsuit should have been allowed as to both counts in the indictment against Walter Allen.

Defendants have also assigned as error portions of the charge relating to resisting arrest and assault on an officer. In view of our holding above, it is not necessary to reach these questions.

For the reasons set forth above, the judgment of the court below is

Affirmed on Indictment No. 832, Case No. 71CR832 (Bruce Lee Allen).

Reversed on Indictments Nos. 833 and 834, Cases Nos. 71CR833 and 71CR834 (Bruce Lee Allen) and (Walter Allen, Jr.).

Chief Judge MALLARD and Judge BROCK concur.