STATE OF NORTH CAROLINA v. JAMES BRYAN WATSON

No. 8013SC715

(Filed 7 April 1981)

1. **Constitutional Law § 51– three months between arrest and trial – no denial of speedy trial**

     Defendant's Sixth Amendment right to a speedy trial was not violated where defendant was served with an arrest warrant for escape on 23 January 1980; defendant was tried on 15 April 1980, a delay of less than three months; an eleven week interval between arrest and trial was not inordinately long; the record did not suggest any purposeful or willful neglect by the prosecution in failing to bring defendant to trial sooner; the record did not show that defendant asserted his right to a speedy trial at any time prior to the motion to dismiss which he made at trial; and any prejudice resulting to the defense as a result of the eleven week delay was minimal.

2. **Constitutional Law § 50– four years between offense and trial – due process right to speedy trial not denied**

     Defendant was not denied his due process right to a speedy trial by a four year delay between his escape on 19 December 1975 and his trial on 15 April 1980 where defendant did not turn himself over to authorities until 1 August 1977, and there was no evidence to indicate that the State could have located him from the time he escaped until the time he turned himself in; on 13 August 1977 defendant's conviction for second degree murder, for which he was originally imprisoned, was set aside as a result of a post-conviction hearing; this negated the State's basis for pursuing the escape charge; in August 1978 defendant was returned to custody following reversal by the Court of Appeals of the superior court's order, and the Supreme Court's subsequent refusal to review the matter put the original sentence back into effect; the delay involved was thus narrowed to a period of approximately eighteen months; defendant produced no evidence to demonstrate that the State deliberately delayed in accusing him of the crime of escape in order to impair his defense; nor did defendant demonstrate substantial prejudice to his defense due to the delay.

APPEAL by defendant from *McLelland, Judge.* Judgment entered 15 April 1980 in Superior Court, BLADEN County. Heard in the Court of Appeals 22 January 1981.

A bill of indictment was returned on 11 February 1980, charging defendant with feloniously escaping, on 19 December 1975, from the Department of Corrections Unit No. 4315, where he was serving a sentence for second degree murder. Defendant pleaded not guilty to these charges. A jury found him guilty of felonious escape, in violation of G.S. 148-45, and the court sentenced him to a term of a maximum of two years imprisonment to

commence at the expiration of all sentences being served by him.

*Attorney General Edmisten, by Assistant Attorney General Marvin Schiller, for the State.*

*Worth H. Hester for defendant appellant.*

MORRIS, Chief Judge.

Defendant made a motion, at trial, to dismiss the indictment against him for the reason that under G.S. 15A-954(a)(3) defendant was denied his right to a speedy trial. The court heard defendant's argument on this motion, out of the presence of the jury, and denied it. Defendant argues on appeal that the court's denial of this motion was erroneous.

The record shows defendant escaped from the White Lake Prison Camp on 19 December 1975. At that time there was pending in the Cumberland County Superior Court a post-conviction hearing in the matter of his conviction for second degree murder. After leaving the prison camp defendant went to his home in Fayetteville and remained there until August 1977. On 1 August 1977, defendant voluntarily turned himself over to the authorities at Central Prison in order that his post-conviction hearing could be held. On 13 August 1977, hearing was held and Judge Donald Smith ordered that defendant be given a new trial on the charge of second degree murder. This Court reversed Judge Smith's order, and the Supreme Court denied defendant's petition for a writ of certiorari. During the period of the post-conviction proceedings, defendant was free on bond.

In August 1978, defendant was returned to the custody of the Department of Corrections.

The warrant of arrest in this escape case was served on defendant on 23 January 1980. The indictment in this matter was returned on 11 February 1980, and defendant was tried on 15 April 1980.

[1] Defendant claims that his Sixth Amendment right to a speedy trial was violated due to the length of the delay between the occurrence of the offense and the subsequent trial.

The speedy trial provision of the Sixth Amendment to the Constitution has no application until a putative defendant in some way becomes "accused". *United States v. Marion*, 404 U.S. 307, 30 L. Ed. 2d 468, 92 S. Ct. 455 (1971). It affords no protection to one who has not yet been "accused". An individual becomes "accused" of a crime for the purpose of Sixth Amendment analysis when he is either arrested or indicted for the crime. *See United States v. Lovasco*, 431 U.S. 783, 52 L. Ed. 2d 752, 97 S. Ct. 2040, *rehearing denied*, 434 U.S. 881, 54 L. Ed. 2d 164, 98 S. Ct. 242 (1977); *State v. Dietz*, 289 N.C. 488, 223 S.E. 2d 357 (1976); *State v. Johnson*, 275 N.C. 264, 167 S.E. 2d 274 (1969).

Defendant was served with the arrest warrant for the escape offense on 23 January 1980, and he was tried on 15 April 1980. That constitutes a delay of less than three months.

> [A] claim that a speedy trial has been denied must be subjected to a balancing test in which the court weighs the conduct of both the prosecution and the defendant. The main factors which the court must weigh in determining whether an accused has been deprived of a speedy trial are (1) the length of the delay, (2) the cause of the delay, (3) waiver by the defendant, and (4) prejudice to the defendant. *Barker v. Wingo, supra* [407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972)]; *State v. Wright*, 290 N.C. 45, 224 S.E. 2d 624 (1976); *State v. Brown*, 282 N.C. 117, 191 S.E. 2d 659 (1972); *State v. Johnson, supra* [275 N.C. 264, 167 S.E. 2d 274 (1969)]. No single factor is regarded as either a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial.

*State v. McKoy*, 294 N.C. 134, 140, 240 S.E. 2d 383, 388 (1978). The burden is on an accused who asserts denial of a speedy trial to show that the delay was due to the neglect or willfulness of the State. *State v. McKoy, supra; State v. Johnson*, 275 N.C. 264, 167 S.E. 2d 274 (1969).

The length of the delay from the time of defendant's arrest until the time of his trial was approximately eleven weeks. That does not seem to us to constitute an inordinately long interval between the time of arrest and the time of trial. Certainly, the opposing parties need an adequate interval to prepare for trial.

Minimal delays are inherent in all trials. The constitutional guaranty does not outlaw good faith delays which are reasonable and necessary for the State to prepare its case.

There was no reason given for the eleven week delay. The record does not suggest any purposeful or willful neglect by the prosecution in failing to bring defendant to trial sooner.

The record does not show that defendant asserted his right to a speedy trial at any time prior to the motion to dismiss which he made at trial. Defendant has a responsibility to assert his right to a prompt trial. Although the failure to assert the right has not been held to be a waiver of the Sixth Amendment right, it does make it difficult for a defendant to prove that he was denied his right to a speedy trial. *State v. Tindall*, 294 N.C. 689, 696, 242 S.E. 2d 806, 810 (1978); *State v. Johnson*, 275 N.C. 264, 167 S.E. 2d 274 (1969).

Finally, we think that the prejudice resulting to the defense as a result of the eleven-week delay was minimal. Defendant argues that he was prejudiced by the additional term of imprisonment which he must serve due to the escape conviction. This argument is specious. The prejudice material to this type of right violation is that which affects a defendant's ability to defend himself at trial. The fact that a defendant must serve a prison term for the conviction of a crime is not prejudicial. Defendant has not demonstrated to us, nor does the record show, that his defense to the charge of escape was prejudiced in any manner by the eleven-week delay.

Upon considering all four of the factors referred to in *McKoy*, we note that all four factors are weighted heavily in the favor of the State. Defendant has not shown one counterbalancing factor. Therefore, we hold that there was no violation of defendant's Sixth Amendment right to a speedy trial.

[2] Defendant does not specifically raise the issue of the possible violation of his right to due process under the Fourteenth Amendment in his brief. However, defendant's motion was made pursuant to G.S. 15A-954(c) which refers to a general violation of constitutional rights resulting from a denial of a speedy trial. Additionally, defendant continuously argues that the delay which resulted in prejudice to his rights was a four-year delay which originated at the time the escape occurred on

19 December 1975 and ended at the trial on 15 April 1980. For these reasons we think it proper to consider whether defendant's due process rights were violated by the delay.

The due process right to a speedy trial relates to the period of time between the date of the occurrence of the alleged offense, and the date when a defendant is "accused" of committing the alleged crime. A defendant becomes "accused" of the crime for this purpose when he is either arrested or indicted, whichever occurs first. *State v. Dietz*, 289 N.C. 488, 223 S.E. 2d 357 (1976); *State v. Johnson*, 275 N.C. 264, 167 S.E. 2d 274 (1969).

Defendant allegedly escaped from prison on 19 December 1975, and the warrant for his arrest in connection with that escape was served on him on 23 January 1980. Thus, we must examine the State's reasons for this pre-indictment delay of almost four years.

The length of the delay is not always singularly determinative of the question of whether defendant has received a fair trial. Defendant escaped from prison on 19 December 1975 and did not turn himself over to the authorities until 1 August 1977. There is no evidence to indicate that the State could have located him during that period. On 13 August 1977, defendant's conviction for the second degree murder charge, for which he was originally imprisoned, was set aside as a result of the post-conviction hearing in Superior Court. This negated the State's basis for pursuing the escape charge. In August 1978, defendant was returned to custody following reversal by this Court of the Superior Court's order, and the Supreme Court's subsequent refusal to review the matter put the original sentence back into effect. This narrows the delay to a period of approximately eighteen months.

The burden is on the defendant who asserts the denial of his right to a speedy trial under the Fourteenth Amendment to show the delay was the result of the State's intentional and unnecessary postponement for its own convenience or advantage; and, "at least in the absence of intentional governmental delay for the purpose of harassing or gaining advantage over defendant, the burden is on defendant to affirmatively demonstrate actual and substantial prejudice." *State v. Dietz*, 289 N.C. 488, 491, 223 S.E. 2d 357, 359 (1976). Defendant has produced no evidence whatsoever to demonstrate that the State deliberate-

ly delayed in accusing him of this crime in order to impair his defense. Nor has defendant demonstrated substantial prejudice to his defense due to the delay. "[P]rejudice will not be presumed merely upon a showing of a long period of delay." *State v. Branch,* 41 N.C. App. 80, 87; 254 S.E. 2d 255, 260 *appeal dismissed,* 297 N.C. 612, 257 S.E. 2d 220 (1979). Defendant has shown no good reason why the delay under the circumstances prejudiced his defense.

We hold that defendant's rights to a speedy trial under the Fourteenth Amendment and Sixth Amendment to the Constitution were not violated by the State's delay in bringing his case to trial. Accordingly, we find

No error.

Judges VAUGHN and BECTON concur.