State v. Washington

STATE OF NORTH CAROLINA v. BEATRICE WASHINGTON

No. 815SC549

(Filed 17 November 1981)

**Escape § 4— fatal variance between indictment and proof**

There was a fatal variance between the indictment and proof where defendant was charged in the indictment with escape under G.S. 148-45(b); however, the evidence supported a finding of a violation, if any, of G.S. 148-45(g)(1).

APPEAL by defendant from *Strickland, Judge.* Judgment entered 21 January 1981 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 10 November 1981.

Defendant was convicted of felonious escape in violation of G.S. 148-45. Judgment imposing a prison sentence was entered.

On 5 September 1979, defendant was convicted of involuntary manslaughter. She was placed in the custody of the North Carolina Department of Correction. In December 1979, she was assigned to Half-Way house, a minimum custody unit for women. She was approved for their work-release program. On the morning of 25 June 1980, defendant left the unit for her job but never showed for work. Her failure to appear for work was unauthorized.

At the close of the State's evidence, defendant's motion to dismiss was denied. The motion was renewed at the close of all the evidence.

*Attorney General Edmisten, by Assistant Attorney General R. Darrell Hancock, for the State.*

*Billy H. Mason, for defendant appellant.*

VAUGHN, Judge.

Defendant appeals the denial of the motion for nonsuit. "A defendant must be convicted, if at all, of the particular offense charged in the bill of indictment. [Citations omitted.] Whether there is a fatal variance between the indictment and the proof is properly presented by defendant's motion to dismiss." *State v. Cooper,* 275 N.C. 283, 286-87, 167 S.E. 2d 266, 268 (1969). At issue is whether the offense charged conforms with the evidence presented. We hold that it does not.

The governing statute is G.S. 148-45. G.S. 148-45(b) provides that any convicted felon in the custody of the North Carolina Department of Correction who escapes from the State Prison System, "shall for the first offense, except as provided in subsection (g) of this section, be guilty of a felony. . . ." G.S. 148-45(g) states the following:

"(g)(1) Any person convicted and in the custody of the North Carolina Department of Correction and ordered or otherwise

assigned to work under the work-release program, G.S. 148-33.1 . . . who shall fail to return to the custody of the North Carolina Department of Correction, shall be guilty of the crime of escape and subject to the applicable provisions of this section and shall be deemed an escapee. For the purpose of this subsection, escape is defined to include, but is not restricted to, willful failure to return to an appointed place and at an appointed time as ordered."

In the present cause, the indictment and charge followed the language of G.S. 148-45(b). The evidence, however, supports a finding of a violation, if any, of G.S. 148-45(g)(1).

The Supreme Court was faced with a similar situation in *State v. Kimball*, 261 N.C. 582, 135 S.E. 2d 568 (1964). The statute involved there was a forerunner of the present G.S. 148-45. G.S. 148-45(a) made it unlawful for any prisoner serving a sentence in the State Prison System to escape. It provided the same varying penalties for misdemeanants and felons as does the current G.S. 148-45(a) and (b). G.S. 148-45(b), added in 1963, stated almost verbatim the current (g)(1) provision regarding inmates on work-release:

"(b) Any defendant convicted and in the custody of the North Carolina Prison Department and ordered or otherwise assigned to work under the work-release program, G.S. 148-33.1, or any convicted defendant in the custody of the North Carolina Prison Department and on a temporary parole by permission of the State Board of Paroles or other authority of law, who shall fail to return to the custody of the North Carolina Prison Department, shall be guilty of the crime of escape and subject to the provisions of subsection (a) of this section and shall be deemed an escapee. For the purpose of this subsection, escape is defined to include, but is not restricted to, wilful failure to return to an appointed place and at an appointed time as ordered."

In *Kimball*, Judge Sharp (later Chief Justice) wrote the following:

"This section [G.S. 148-45(b)], while providing the same penalties listed in subsection (a) creates a new and distinct offense which can only be committed by a work-release

prisoner or a convicted defendant temporarily on parole. The indictment in this case follows the language of subsection (a), but the evidence discloses a violation of subsection (b)."

261 N.C. at 584, 135 S.E. 2d at 570. The Court then stated that upon proper motion, defendant would have been entitled to a nonsuit "for this *fatal variance*." (Emphasis added.)

The Supreme Court's reasoning as regards the 1963 version of G.S. 148-45 applies to the 1977 version. Both codifications contain essentially the same provisions, the differences occurring largely ·in the numbering of the subsections. Since the uncontradicted evidence is that defendant was a person assigned to work under an authorized work-release program, she was guilty— if at all—of the separate offense of G.S. 148-45(g)(1). We hold a fatàl variance between the indictment and proof exists. It was error to deny defendant's motion to dismiss. *See also State v. Best*, 292 N.C. 294, 233 S.E. 2d 544 (1977); *State v. Daye*, 23 N.C. App. 267, 208 S.E. 2d 891 (1974).

Reversed.

Judges HILL and WHICHARD concur.