STATE OF NORTH CAROLINA v. HENRY SCOTT LOCKHART, DEFENDANT

No. COA06-174

(Filed 2 January 2007)

### 1. Appeal and Error— appellate rules violations—sanctions

Defense counsel is personally required to pay the printing costs of this appeal in a work-release escape case as a sanction for various appellate rules violations including: (1) the argument section is entirely single-spaced in violation of N.C. R. App. P. 26(g)(1); and (2) defense counsel failed to include a statement of the standard of review with respect to his argument challenging the trial court's denial of his motion to dismiss as required by N.C. R. App. P. 28(b)(6).

### 2. Escape— indictment—work-release prisoner—improper statutory citation

The trial court did not err by concluding there was no fatal variance between the indictment and the evidence presented at trial even though defendant contends the indictment charged him with felony escape under N.C.G.S. § 148-45(b)(1) rather than escape of a work-release prisoner under N.C.G.S. § 148-45(g)(1), because: (1) the indictment tracked the language of N.C.G.S. § 148-45(g); and (2) an indictment's improper statutory citation is immaterial when the language of the indictment sufficiently apprises a defendant of the charge at issue.

### 3. Escape— work-release escape—motion to dismiss—sufficiency of evidence—24-hour exception

The trial court did not err by denying defendant's motion to dismiss the charge of work-release escape even though defendant contends he returned voluntarily within twenty-four hours, and his derivative assignments of error challenging his habitual felon

indictment on the ground that his escape conviction was invalid are also dismissed, because: (1) it was defendant's burden to establish this affirmative defense to the jury; (2) although the State's evidence demonstrated that defendant was recaptured within 24 hours, it also indicated that defendant's family only surrendered him to law enforcement after officers threatened to obtain a search warrant and press criminal charges against defendant's family members for harboring a fugitive; and (3) the jury could have concluded this surrender was not a voluntary return by defendant to his place of confinement.

Appeal by defendant from judgment entered 16 August 2005 by Judge W. David Lee in Union County Superior Court. Heard in the Court of Appeals 19 October 2006.

*Attorney General Roy Cooper, by Assistant Attorney General Elizabeth F. Parsons, for the State.*

*David Childers for defendant-appellant.*

GEER, Judge.

Defendant Henry Scott Lockhart appeals from his convictions for felonious escape and having achieved the status of habitual felon. On appeal, defendant primarily argues that the indictment improperly charged him with felony escape under N.C. Gen. Stat. § 148-45(b) (2005) rather than escape of a work-release prisoner under N.C. Gen. Stat. § 148-45(g), and, therefore, that there was a fatal variance between the indictment and the evidence presented at trial. We hold that because the indictment tracked the language of N.C. Gen. Stat. § 148-45(g), it was sufficient to charge defendant with a work-release escape. Further, contrary to defendant's contention, we conclude that the State presented substantial evidence of each element of the offense and that defendant failed to establish he was entitled to dismissal based upon an affirmative defense. Accordingly, the trial court properly denied defendant's motion to dismiss.

## Facts

The State's evidence at trial tended to show the following facts. In October 2002, defendant was an inmate at the Union Correctional Center in Monroe, North Carolina. Defendant participated in a work-release program, in which a prison van transported defendant between the correctional center and a work-release site. On the

morning of 18 October 2002, defendant was transported by a prison van to his work site, Don's Auto Parts in Monroe, North Carolina. When the prison van returned at the end of the day to pick defendant up, he was not there.

The van driver contacted Union Correctional Center Sergeant Ronald Tarlton, who then left the correctional center in an effort to locate defendant. After searching for defendant at Don's Auto Parts and in the surrounding area for 40 minutes to an hour, Sergeant Tarlton activated the "escape procedures," at which time defendant's absence became "an official escape."

By 10:15 p.m., law enforcement had visited the homes of five of defendant's friends and family members. At approximately 3:30 a.m. on the morning of 19 October 2002, officers arrived at the home of defendant's sister, Joyce Price, in Wingate, North Carolina. Upon arrival, second-shift Union Correctional Center Sergeant David K. Funderburk noticed there were several vehicles in the driveway and thought he caught a glimpse of defendant in the home. Although officers informed defendant's family members that defendant was wanted for escape, the family declined to allow the officers to come into the house to look for defendant. The officers told the family that they would wait outside while a search warrant was sought, but that if one was obtained and defendant was discovered inside the residence, charges could be brought against those in the home. The family surrendered defendant to authorities several minutes later.

Defendant was subsequently indicted for escape from the state prison system and having attained the status of habitual felon. The matter was tried before a jury on 15 and 16 August 2005, and the jury returned a verdict finding defendant guilty of felonious escape. After defendant pled guilty to having attained habitual felon status, the trial court sentenced defendant within the mitigated range to 44 to 62 months imprisonment. Defendant timely appealed to this Court.

I

[1] We are first compelled to address certain violations by defense counsel of the North Carolina Rules of Appellate Procedure. Those rules "are mandatory" and failure to follow these rules will subject an appeal to sanctions, up to and including dismissal. *Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 401, 610 S.E.2d 360, 360 (2005). *See also* N.C.R. App. P. 25(b), 34.

STATE v. LOCKHART

[181 N.C. App. 316 (2007)]

Under North Carolina Rule of Appellate Procedure 26(g)(1), in all briefs submitted to the appellate courts, "[t]he body of text shall be presented with double spacing between each line of text." Although the opening sections of defendant's brief are double-spaced, the argument section is entirely single-spaced. Further, under Rule 28(b)(6), each argument in an appellant's brief "shall contain a concise statement of the applicable standard(s) of review for each question presented . . . ." Defense counsel, however, failed to include a statement of the standard of review with respect to his argument challenging the trial court's denial of his motion to dismiss.

We believe that an appropriate sanction for these obvious rules violations is to require defendant's counsel to personally pay the printing costs of this appeal. *See, e.g., State v. Riley*, 167 N.C. App. 346, 347-48, 605 S.E.2d 212, 214 (2004) (sanctioning defense counsel with appellate printing costs as a sanction for submitting single-spaced brief). We instruct the Clerk of this Court to enter an order accordingly.

II

**[2]** We now turn to defendant's argument that the indictment improperly charged him with felony escape under N.C. Gen. Stat. § 148-45(b)(1) rather than escape of a work-release prisoner under N.C. Gen. Stat. § 148-45(g)(1), and, therefore, that there was a fatal variance between the indictment and the evidence presented at trial. The State acknowledges that *State v. Washington*, 54 N.C. App. 683, 685, 284 S.E.2d 330, 331 (1981), reversed an escape conviction when the indictment tracked the statutory language of N.C. Gen. Stat. § 148-45(b), but the evidence supported a conviction only under N.C. Gen. Stat. § 148-45(g). Nevertheless, the State contends (1) that N.C. Gen. Stat. § 148-45 has since been amended so as to render *Washington* inapplicable and (2) that a citation in the indictment to N.C. Gen. Stat. § 148-45(b) was necessary to give defendant notice that he was being charged as a felon. We need not, however, resolve these issues, because the indictment in this case in fact properly charged a violation of N.C. Gen. Stat. § 148-45(g).

Under N.C. Gen. Stat. § 148-45(b)(1), a prisoner in the custody of the Department of Correction, who is serving a sentence for a felony conviction and "escape[s] from the State prison system, shall, except as provided in subsection (g) of this section, be punished as a Class H felon." N.C. Gen. Stat. § 148-45(g)(1) provides that any prisoner who is assigned to a work-release program and fails to return to cus-

tody following a work-release shall likewise be guilty of escape. Although a work-release escapee is subject to the general escape provisions of N.C. Gen. Stat. § 148-45, a first-time work-release escapee (unlike a non-work-release escapee) may avoid criminal charges by "voluntarily return[ing] to his place of confinement within 24 hours of the time at which he was ordered to return . . . ." N.C. Gen. Stat. § 148-45(g)(2).

Here, there is no dispute that defendant was assigned to a work-release program. The indictment, however, bears only the generic heading "Escape from the State Prison System" and specifically cites only to N.C. Gen. Stat. § 148-45(b), the non-work-release statute. Nevertheless, the body of the indictment goes on to state that defendant:

> unlawfully, willfully and feloniously did escape from state prison unit #4550, Union Correctional Center, Monroe, North Carolina, a unit of the state prison system, while the defendant was there in the lawful custody of the Department of Correction serving a sentence for a conviction of a felony, that sentence having been imposed at the May 16, 1996 session of the Union County Superior Court. *The defendant escaped while on work release by willfully failing to return to the prison unit at the designated time.*

(Emphasis added.) Because this indictment effectively tracks the language of N.C. Gen. Stat. § 148-45(g)(1), this case is distinguishable from *Washington*, in which the defendant was convicted under N.C. Gen. Stat. § 148-45(g) even though the indictment only "followed the language of G.S. 148-45(b)." 54 N.C. App. at 685, 284 S.E.2d at 331.

As this Court has previously held, an indictment's improper statutory citation is immaterial when the language of the indictment sufficiently apprises a defendant of the charge at issue. *State v. Allen*, 112 N.C. App. 419, 428, 435 S.E.2d 802, 807-08 (1993) (upholding indictment when the caption referred to N.C. Gen. Stat. § 14-33(b)(4) (1986), but the wording in the body of the indictment described a violation of N.C. Gen. Stat. § 14-34.2(1) (1986), the basis for his conviction). *See also State v. Snyder*, 343 N.C. 61, 65, 468 S.E.2d 221, 224 (1996) (indictment charging a statutory offense is adequate when it "allege[s] all of the essential elements of the offense"). Since the indictment in this case tracked the statutory language of N.C. Gen. Stat. § 148-45(g), we hold that defendant was effectively charged with

STATE v. LOCKHART

[181 N.C. App. 316 (2007)]

a work-release escape, irrespective whether the indictment's citation to N.C. Gen. Stat. § 148-45(b) was erroneous. These assignments of error are, therefore, overruled.

III

**[3]** Defendant next contends that, even assuming he was properly charged with a work-release escape under N.C. Gen. Stat. § 148-45(g)(1), the trial court erred by denying his motion to dismiss for insufficient evidence. In ruling on a defendant's motion to dismiss, the trial court must determine whether the State presented substantial evidence (1) of each essential element of the offense and (2) of the defendant's being the perpetrator. *State v. Robinson*, 355 N.C. 320, 336, 561 S.E.2d 245, 255, *cert. denied*, 537 U.S. 1006, 154 L. Ed. 2d 404, 123 S. Ct. 488 (2002). When considering whether the State has presented substantial evidence, the trial court must view all of the evidence "in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), *cert. denied*, 515 U.S. 1135, 132 L. Ed. 2d 818, 115 S. Ct. 2565 (1995).

Defendant does not assert that the State failed to present evidence of each element of work-release escape, but, rather, that it "was abundantly clear . . . that [he] had returned voluntarily within twenty-four (24) hours." It was defendant, however, who had the burden of establishing this affirmative defense to the satisfaction of the jury. *See State v. Womble*, 44 N.C. App. 503, 506, 261 S.E.2d 263, 266 (noting that "the 24-hour exception provided in G.S. 148-45(g)(2) is a defense which defendant may have raised had the evidence warranted"), *appeal dismissed and disc. review denied*, 299 N.C. 740, 267 S.E.2d 669 (1980). *See also State v. Connell*, 127 N.C. App. 685, 691, 493 S.E.2d 292, 296 (1997) (defendant bears burden of showing affirmative defenses " 'to the satisfaction of the jury' " (quoting *State v. Caddell*, 287 N.C. 266, 290, 215 S.E.2d 348, 363 (1975))), *disc. review denied*, 347 N.C. 579, 502 S.E.2d 602 (1998). This Court may reverse the denial of a motion to dismiss based upon an affirmative defense only if the evidence in support of that affirmative defense is undisputed and does not require determination of a witness' credibility. *See State v. Sellers*, 155 N.C. App. 51, 56, 574 S.E.2d 101, 105 (2002) (holding that trial court properly denied motion to dismiss despite undisputed testimony that defendant was insane because the credibility of that testimony was a question for the jury); *State v.*

*Branham*, 153 N.C. App. 91, 100, 569 S.E.2d 24, 29 (2002) ("When the evidence of entrapment is undisputed, the trial court may find that defendant was entrapped as a matter of law.").

Although the State's evidence demonstrated that defendant was recaptured within 24 hours, it also indicated that defendant's family only surrendered him to law enforcement after officers threatened to obtain a search warrant and press criminal charges against defendant's family members for harboring a fugitive. The jury could have concluded this surrender was not a "voluntar[y] return[]" by defendant to his place of confinement. *Compare State v. Watson*, 51 N.C. App. 369, 370, 276 S.E.2d 732, 734 (1981) (defendant voluntarily returned when, after going home, he returned on his own accord and turned himself over at the location from where he escaped).

As defendant has failed to show that the undisputed evidence supported the conclusion that he voluntarily returned into custody, we cannot conclude that the trial court erred by denying defendant's motion to dismiss the charge of work-release escape. As we have rejected defendant's attacks on his escape conviction, we also overrule his derivative assignments of error challenging his habitual felon indictment on the grounds that his escape conviction was invalid.

No error.

Judges STEELMAN and STEPHENS concur.

Judge STEPHENS concurred prior to 31 December 2006.