An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-106

Filed: 2 June 2015

Lincoln County, No. 12 CRS 51878-80

STATE OF NORTH CAROLINA

v.

PHILLIP TODD SUTPHIN

Appeal by defendant from judgment entered 13 June 2014 by Judge Hugh B. Lewis in Lincoln County Superior Court. Heard in the Court of Appeals 5 May 2015.

> *Attorney General Roy Cooper, by Assistant Attorney General Narcisa Woods, for the State.*

> *The Exum Law Office, by Mary March Exum, for defendant-appellant.*

INMAN, Judge.

Phillip Todd Sutphin ("defendant") appeals from judgment entered after a jury convicted him of two counts of possession of a firearm by a felon. On appeal, defendant contends: (1) the trial court erred by denying his motions to dismiss the charges of possession of a firearm by a felon because defendant established the affirmative defense that the weapons in question were antiques; and (2) the trial court committed plain error by providing inaccurate instructions to the jury.

After careful review, we conclude that the trial court committed no error in denying defendant's motions to dismiss, and committed no plain error in its jury instructions.

**Background**

Based on a tip from defendant's longtime neighbor, with whom defendant had been involved in numerous quarrels over the years, Lieutenant Tim Johnson ("Lt. Johnson") of the Lincoln County Sheriff's Office conducted an investigation in 2012 into defendant's criminal history and alleged possession of firearms. Lt. Johnson discovered that defendant had been convicted of maiming, a Class H felony, on 24 October 1989. He also learned that defendant had sold two firearms to Boger City Pawn Shop ("the pawn shop") in 2010 and 2011. The pawn tickets acquired by Lt. Johnson showed transactions in which defendant was listed as the seller of the following weapons: (1) a Colt Frontier, double action .38 pistol ("the Colt"); and (2) a Winchester Model 94 hunting rifle ("the Winchester").

Based on this evidence, Lt. Johnson informed defendant that he planned to obtain warrants for his arrest. Defendant turned himself into the Sheriff's Office on 5 June 2012. Defendant was charged with three counts of possession of a firearm by a felon, with two counts being based on the transactions with the pawn shop and the additional charge stemming from an encounter involving defendant's neighbors in 2008.

The jury trial on these charges began 12 June 2014. The State called Harold Fulbright ("Fulbright"), the owner of the pawn shop, to testify about the nature of the guns that defendant sold. Fulbright testified that he had been an antique dealer for 35 years and had been raised in the antique business by his grandparents. When asked if either the Colt or Winchester were antique or reenactment guns, Fulbright testified that they were not.

Defendant testified that the Colt was an antique made in 1876, passed down to defendant from his grandfather, who had received it from his grandfather, who had in turn been given the gun by his grandfather. He further testified that the Winchester was an antique that had been passed down by his grandfather as well, but he did not provide a specific date for the weapon's origin. Defendant did not deny selling the guns to the pawn shop.

At both the close of the State's evidence and again at the close of all evidence, defendant moved to dismiss all charges, but defense counsel did not wish to be heard on either motion. Both motions were denied.

The trial court instructed the jury on the exemption for antique weapons under N.C. Gen. Stat. § 14-409.11 (2013). Initially the trial court defined "antique firearm," in part, as any gun manufactured on or before 1989. Counsel for defendant approached the bench after the full instructions were given and informed the trial court that it had misspoken with regard to that date. The trial court then clarified

for the jury that the statute defines "antique firearm" as one being manufactured on or before 1898, not 1989, and instructed the jury to ignore the previous misstatement.

The jury convicted defendant of two counts of possession of a firearm by a felon stemming from his transactions at the pawn shop, but acquitted defendant on the charge stemming from the encounter with his neighbors in 2008. The charges were consolidated in one judgment, and the trial court sentenced defendant to 13 to 16 months imprisonment. Defendant gave notice of appeal in open court.

## I. Motions to Dismiss

Defendant first argues that the trial court erred by denying his motions to dismiss. Rather than contesting whether the State presented substantial evidence of the elements of the crimes charged, defendant argues instead that he established the affirmative defense that the weapons he was accused of possessing were antiques, and therefore the charges of possession of a firearm by a felon should not have been submitted to the jury. We disagree.

In ruling on a motion to dismiss based on insufficiency of evidence, the trial court must determine whether there is substantial evidence of each element of the offense charged. *See State v. Bullard*, 312 N.C. 129, 160, 322 S.E.2d 370, 387 (1984). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78–79, 265 S.E.2d 164, 169 (1980). When reviewing the evidence, the trial court must consider even

incompetent evidence in the light most favorable to the prosecution, granting the State the benefit of every reasonable inference. *State v. Brown*, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984).

Consistent with the general rule that any contradictions or discrepancies in the evidence should be resolved by the jury, *id.*, this Court has also specifically held that it "may reverse the denial of a motion to dismiss based upon an affirmative defense *only if the evidence in support of that affirmative defense is undisputed and does not require determination of a witness' credibility.*" *State v. Lockhart*, 181 N.C. App. 316, 321, 639 S.E.2d 5, 8 (2007) (emphasis added).

In *Lockhart*, the defendant argued that the trial court erred by denying his motion to dismiss the charge of work-release escape where he presented evidence establishing an affirmative defense to that crime—that the defendant had voluntarily returned to custody within 24 hours of his escape. *Id.* at 321-22, 639 S.E.2d at 8-9. This Court held that although evidence showed the defendant had returned within 24 hours, there was also evidence indicating that the defendant's family had surrendered him to law enforcement to avoid charges for harboring a fugitive. *Id.* Because "[t]he jury could have concluded this surrender was not a 'voluntary return,'" the defendant "failed to show that the undisputed evidence supported the conclusion that he voluntarily returned into custody." *Id.* at 322, 639 S.E.2d at 9. Given this

conflicting evidence, this Court concluded that the trial court did not err by denying

the motion to dismiss and properly submitted this question to the jury. *Id.*

Here, defendant was charged with possession of a firearm by a felon under N.C.

Gen. Stat. § 14-415.1 (2013). Section 14-415.1(a) provides that the statute does not

apply to an "antique firearm," as defined in the following manner under N.C. Gen.

Stat. § 14-409.11:

> (1) Any firearm (including any firearm with a matchlock, flintlock, percussion cap, or similar type of ignition system) manufactured on or before 1898.
>
> (2) Any replica of any firearm described in subdivision (1) of this subsection if the replica is not designed or redesigned for using rimfire or conventional centerfire fixed ammunition.
>
> (3) Any muzzle loading rifle, muzzle loading shotgun, or muzzle loading pistol, which is designed to use black powder substitute, and which cannot use fixed ammunition.

Defendant sought to establish at trial that both the Colt and the Winchester

were antique firearms. As to the Colt, he testified that it was manufactured in 1876

and was passed down through his family for generations. He also gave testimony

that the Winchester was an antique that had been given to him by his grandfather,

but he did not testify as to when that weapon was manufactured.

Defendant argues on appeal that this evidence was sufficient to establish the

affirmative defense that these weapons were antiques under section 14-409.11, and

therefore the charges for possession of a firearm by a felon under section 14-415.1 should have been dismissed. However, defendant did not present "undisputed" evidence that the firearms in question were antiques. Fulbright, the owner of the pawn shop and an antiques dealer for 35 years, testified that neither the Colt nor the Winchester was an antique. After giving testimony regarding the firing mechanisms in these weapons as contrasted with the characteristics of antique weapons and firearms used in re-enactments, Fulbright engaged in the following colloquy with the prosecutor:

> Q: [Defense counsel] was asking you about a series of antique guns and re-enactment guns; are the two guns on the two pawn tickets those types of guns?
>
> A: No.

As to the Colt, Fulbright specifically testified that "[a] double-action .38 I don't think is going to be classified as an antique firearm." Given the discrepancy between defendant's and Fulbright's testimony as to the antique status of the weapons, the determination of whether the Colt, the Winchester, or both, were manufactured on or before 1898 turned on the jury's assessment of these witnesses' credibility.

Accordingly, because the evidence regarding the affirmative defense in this case was conflicting, we will not disturb the trial court's denial of defendant's motions to dismiss. *See Lockhart*, 181 N.C. App. at 321, 639 S.E.2d at 8. The trial court properly submitted those charges to the jury. *Id.* Defendant's argument is overruled.

## II. Jury Instructions

Defendant's final argument on appeal is that the trial court committed plain error by providing improper and inaccurate jury instructions on the definition of "antique firearm." We disagree.

Because defendant failed to object to the jury instructions in question, we review this issue for plain error. See *State v. Gregory*, 342 N.C. 580, 584, 467 S.E.2d 28, 31 (1996) (noting that the Supreme Court of North Carolina "has elected to review unpreserved issues for plain error when they involve . . . errors in the judge's instructions to the jury[.]"). Under plain error review, "a defendant must demonstrate that a fundamental error occurred at trial." *State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012). Additionally, "a defendant must establish prejudice—that, after examination of the entire record, the error 'had a probable impact on the jury's finding that the defendant was guilty.' " *Id.* (quoting *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983)). "[B]ecause plain error is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (quotation marks omitted).

Here, the trial court instructed the jury on the definition of "antique firearm" as follows:

> Now, please understand that the statute does not apply to antique firearm. And the term "antique firearm" means

any of the following: any firearm, including any firearm with a matchlock, flintlock, percussion cap, or similar type of ignition system, manufactured on or before 1989, and any replica of a firearm described in subdivision 1 of this subsection, if this replica is not designed or redesigned for using rimfire or conventional centerfire fixed ammunition. Any muzzle-loading rifle, muzzle-loading shotgun or muzzle-loading pistol which is designed to use black-powder substitute and which cannot use fixed ammunition. And for the purpose of this section, the term "antique firearm" shall not include any weapon which incorporates a firearm frame or receiver, is converted into a muzzeloaded weapon or is a muzzleloading weapon that can be readily converted to firefixed ammunition by replacing the barrel, bolt, breach lock or any combination thereof.

Defendant first contends that these instructions were "confusing" and "did not clearly or accurately delineate the three methods by which a firearm comes under the antique firearm exception." However, defendant fails to explain why the trial court's instructions were unclear, confusing, or inaccurate. Although defendant argues that the trial judge "clearly did not understand the statute defining antique firearm or what it means as a defense to the charge of possession of a firearm by a felon," this belief is not reflected in the record or the transcript. The trial court's instruction tracks the language of section 14-409.11 verbatim. *See* N.C. Gen. Stat. § 14-409.11(a). Because defendant fails to propose any instruction that could have explained the term "antique firearm" more clearly than the exact language of its defining statute, we reject defendant's argument that the instruction was erroneous for being confusing, unclear, or inaccurate.

Furthermore, defendant contends that the trial court's initial misstatement of the applicable date in section 14-409.11(a) amounted to plain error. We are unpersuaded. "Where, as here, the inadvertence complained of occurs early in the charge but is not called to the attention of the court at the time, and is later corrected, the occurrence will not be held for prejudicial error when it is apparent from the record that the jury could not have been misled." *State v. Wells*, 290 N.C. 485, 498, 226 S.E.2d 325, 334 (1976). Here, the trial judge initially said "1989" when he meant to say "1898," but was quickly corrected by counsel and instructed the jury to disregard the error. The very nature of the instruction—defining the term "antique firearm"—precludes any reasonable chance that the jury was misled. No rational juror could have been led to believe that any firearm manufactured before 1989 was an "antique" for purposes of the statutory exemption. To hold that such a quickly corrected slip of the tongue in a jury instruction rises to the level of plain error without any indication that the jury was misled would place an impossible burden of perfection on our learned and capable trial judges. Such a result is neither required by law nor desirable. Accordingly, we reject defendant's argument that the trial court committed plain error here.

## Conclusion

Because there was conflicting evidence regarding the age of the Colt and the Winchester firearms, the trial court properly denied defendant's motions to dismiss

the charges of possession of a firearm by a felon. Additionally, the trial court's quickly corrected misstatement in its jury instruction did not rise to the level of plain error.

NO ERROR; NO PREJUDICIAL ERROR.

Judges BRYANT and DAVIS concur.

Report per Rule 30(e).